**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID COX, et al.,

        Plaintiffs,

v.

CHRYSLER GROUP, LLC,

        Defendant.

Civil Action No. 14-7573 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendant Chrysler Group, LLC's[1] ("Defendant" or "FCA US") Motion for Summary Judgment. (ECF No. 49.) Numerous Plaintiffs originally filed this case but only one, Andrew Manesis ("Plaintiff" or "Mr. Manesis"), remains. Plaintiff filed opposition to the Motion (ECF No. 56) and Defendant replied (ECF No. 60). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion for Summary Judgment is denied.

**I.    BACKGROUND & PROCEDURAL HISTORY**

This putative class action alleges that Defendant sold and failed to repair vehicles with defective sunroofs.[2]

---

[1] Now known as FCA USA, LLC. (Answer 1, ECF No. 29.)

[2] The Court assumes familiarity with the facts, which are provided in the Court's previous opinion. ("Mem. Op.," ECF No. 26.) The recitation of the facts are summarized from the parties' statement and counter-statement of facts. The Court, therefore, includes only the facts relevant to the pending Motion.

In July 2013, two months after Plaintiff purchased a Chrysler Jeep Compass ("Compass vehicle" or the "vehicle"), water began leaking from the factory-installed sunroof when there was "a 'hard' rain."[3] (Def.'s Statement of Undisputed Material Facts ("SUMF") ¶ 26, ECF No. 49-1.) Plaintiff could not determine the source of the water leak and took the Compass vehicle to the Dover Chrysler dealership "where it was 'water tested.'" (*Id.*) The test was covered by the Basic Limited Warranty that was sold with the vehicle, which resulted in Plaintiff paying nothing out-of-pocket for the test. (*Id.* ¶ 27.) The water leak was the result of the sunroof glass being out of adjustment in its frame. (Def.'s Resp. to Pl.'s CSUMF ¶ 24, ECF No. 61.) The misaligned sunroof glass was corrected by an adjustment, after which Plaintiff determined that the sunroof had been fixed. (*Id.*) On October 4, 2013, Plaintiff installed a hands-free telephone adapter into the Compass vehicle. (Def.'s SUMF ¶ 30.) To install the hands-free telephone adapter, "a wire had to be run through the 'A pillar on the driver's side' of the vehicle." (*Id.* ¶ 31.)

On December 3, 2013, Plaintiff drove the Compass vehicle to a Chrysler dealership "where he reported that water was leaking into the vehicle on the driver['s] side front corner in the

---

[3] Local Civil Rule 56.1(a) permits a nonmoving party on summary judgment to provide "a supplemental statement of *disputed* material facts." (Emphasis added). Here, Plaintiff has filed a Counter-Statement of *Undisputed* Material Facts ("CSUMF"). (ECF No. 56-2.) In deciding this Motion, the Court adopts the approach taken in *Mehr v. Atlantic City*:

> [T]he Local Rules do not contemplate a nonmoving party furnishing its own statement of undisputed material facts. Indeed, aside from not being contemplated by the local civil rules, such a document is not necessary to defeat summary judgment, as Plaintiffs must only show that some material fact is in dispute, and need not affirmatively prove their case at this point. However, as Defendants have fully responded to this "Counterstatement," and the Counterstatement helpfully cites to portions of the record, the Court sees no reason not to rely on the contents therein.

No. 12-4499, 2014 WL 4350546, at *3 n.3 (D.N.J. Sept. 2, 2014).

2

headliner by the pillar area." (*Id.* ¶ 32.) The Compass vehicle has a water management system to catch any water that intrudes beyond the seal and drain tubes to prevent any water from entering the interior of the Compass vehicle. (Def.'s Resp. to Pl.'s CSUMF ¶ 5.) The Chrysler dealership informed Plaintiff that a drain tube running through the A pillar was restricted. (Def.'s SUMF ¶ 33.) The December 2013 repair to Plaintiff's Compass vehicle "was covered by the Basic Limited Warranty and Plaintiff paid nothing for it." (*Id.* ¶ 35.)

"In September and October 2014, Plaintiff's daughter, who was in another state, informed [Plaintiff] that water was entering the Compass vehicle through the 'console' during a 'hard' rain." (*Id.* at 36.) At the time, the Compass vehicle had been driven on a daily basis, except for "three or four days, maybe." (*Id.* ¶ 43.) In response to his daughter's complaint, Plaintiff drove the Compass vehicle to a Chrysler dealership on October 20, 2014. (*Id.* ¶ 41.) Plaintiff told the service personnel at the dealership that "'[b]oth front floor carpets [were] soaked after rain,' and . . . that they 'needed to address the [] reason why the water was coming in from underneath and to have the [] tech look at the sunroof again.'" (Def.'s Resp. to Pl.'s CSUMF ¶ 31.) The Chrysler dealership determined that water had entered the Compass vehicle, due to "a complete blockage of the air conditioning drain by an accumulation of debris and leaves on the vehicle which were visible to the naked eye, resulting in the dealership resealing the cowl area and clearing the air conditioning drain." (*Id.*) Plaintiff paid nothing for the repairs. (*Id.*) Plaintiff's Compass vehicle has not suffered a water leak requiring service "since it was last taken to the dealership on October 20, 2014." (Def.'s SUMF ¶ 41.) On September 5, 2015, Defendant issued a Technical Service Bulletin "related only to a water leak at the rear of the sunroof during high-pressure washing . . . [which] necessitate[s] a trough replacement." (Def.'s Resp. to Pl.'s CSUMF ¶ 19.)

3

Plaintiff's Compass vehicle was inspected on March 2, 2016. (Def.'s SUMF ¶ 46.) The Compass vehicle "was water tested by both representatives for FCA US and representatives for Plaintiff" and "no water intruded into the interior of the vehicle[.]" (*Id.* ¶ 50.) Plaintiff's representatives exposed the Compass vehicle to water pressures as high as 3,000 psi. (*Id.* ¶ 52.) During the March 2, 2016 vehicle inspection, it could be seen that Plaintiff's Compass vehicle had a hands-free phone unit installed and attached to the A pillar. (*Id.* ¶ 55.)

"Plaintiff believes that the 'overall value' of the Compass vehicle 'will be reduced' if it is ever sold." (*Id.* ¶ 59.) Defendant has documented "that out of 1,089,614 vehicles built after June 10, 2009, a total of 1,803 vehicles had sunroof-related warranty repairs." (Def.'s Resp. to Pl.'s CSUMF ¶ 20.) Defendant maintains records of instances where a customer contacts Defendant to seek information, ask a question or report a problem related to sunroofs or leaks. (*Id.*) FCA US had issued change notices related to Compass vehicle sunroof in the past. (*Id.* ¶ 19.) Based on vehicles built after June 10, 2009, a search of "sunroof-related Customer Assistance Inquiry Records . . . for the 1,089,614 . . . at issue . . . revealed that there were a total of 1,741 such contacts." (*Id.*)

On September 30, 2015, the Court issued a Memorandum Opinion on Defendant's motion to dismiss. (Sept. 30, 2015 Mem. Op., ECF No. 26.) The following claims survived: Breach of the Written Basic Limited Warranty (Count I); Breach of Implied Warranty (Count II); Violation of the Magnuson-Moss Warranty Act to the extent the claim is based on a breach of the written Basic Limited Warranty and/or breach of implied warranty (Count III); Violation of the New Jersey Consumer Fraud Act ("NJCFA") based on alleged omissions (Count V); and Unfair and Deceptive Acts and Practices Under State Laws to the extent it is based on alleged omissions (Count VI).

(*Id.*) Defendant now moves for summary judgment on the remaining claims. (Def.'s Moving Br., ECF No. 49.)

## II. **LEGAL STANDARD**

The party moving for summary judgment has the initial burden of proving an absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A dispute is genuine if there is sufficient evidentiary support such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). Disputes over irrelevant or unnecessary facts will not preclude a court from granting summary judgment. *Id.*

If the non-moving party bears the burden of proof at trial, the movant may discharge its burden by pointing to an absence of evidence necessary to support the non-movant's claim. *Celotex*, 477 U.S. at 325. Alternatively, a moving party may submit affirmative evidence that negates a material element of the non-moving party's claim. *Id.* at 325-31. If the movant brings such affirmative evidence, or makes a showing that the non-movant lacks evidence essential to its claim, the burden shifts to the non-moving party to set forth "specific facts showing that there is a genuine [dispute] for trial." *Id.* at 324; *see also* Fed. R. Civ. P. 56(e). The burden of persuasion, however, rests ultimately on the non-moving party to establish each element necessary to succeed on the claims on which it bears the burden of proof at trial. *Celotex*, 477 U.S. at 322.

To decide whether a genuine dispute of material fact exists, the Court must consider all facts, drawing all reasonable inferences in the light most favorable to the non-moving party. *Kaucher*, 455 F.3d at 423. On a motion for summary judgment, however, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there

is a genuine [dispute] for trial." *Anderson*, 477 U.S. at 249. Absent a genuine dispute of material fact for trial, summary judgment as a matter of law is proper.

## III. DISCUSSION

### A. Breach of the Written Basic Limited Warranty (Count I), Breach of Implied Warranty (Count II), and Violation of the NJCFA (Count V)

Defendant moves for summary judgment, arguing that Plaintiff fails to submit proof as to his claims and that Defendant is entitled to judgment as a matter of law. (Def.'s Moving Br. 13-15, 17, 20-21, 23-24, ECF No. 49-2.) Plaintiff argues that throughout Defendant's brief, "[Defendant] contends that the Court should dismiss Plaintiff's Complaint because Plaintiff purportedly cannot produce sufficient evidence to sustain his causes of action." (Pl.'s Opp'n Br. 19, ECF No. 58.) Plaintiff contends that Defendant's "arguments are factually sensitive, merits-based and premature." (*Id.* at 20.) Plaintiff argues that discovery in the matter has been limited to class certification discovery and that "there has been no merits-based fact or expert discovery." (*Id.*) As such, Plaintiff submits that he "has not had the opportunity to demand merits-based discovery regarding" his claims. (*Id.*)

The Court finds Plaintiff's arguments persuasive.[4] Federal Rule of Civil Procedure 56(d) addresses the situation where a non-movant cannot present facts essential to justify his opposition to a summary judgment motion. In that situation, a "court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Here, the parties have only engaged in discovery related to the proposed class certification and have not conducted merits discovery on Plaintiff's claims. In fact, the initial Pretrial Scheduling Order directed the parties to conduct only class-related discovery. (Pretrial Scheduling

---

[4] The Court, however, notes Plaintiff's failure to comply with Rule 56(d).

6

Order 1, ECF No. 23.) Further, subsequent orders have also limited discovery to class-related discovery. (Scheduling Order, ECF No. 40.) As such, the Court finds it premature to determine whether there is genuine dispute of material fact as to whether Plaintiff has proffered sufficient proof to sustain his claim on the merits. Based on the limited discovery conducted in this matter and the fact that the discovery has been limited to class-related discovery, the Court finds that Plaintiff has not been provided a sufficient opportunity to engage in merits-based discovery regarding his individual claims against Defendant.

Because the Court would like to consider Plaintiff's proffered evidence in support of his claims for Breach of the Written Basic Limited Warranty (Count I), Breach of Implied Warranty (Count II), and Violation of the NJCFA (Count V) in order to fully consider the merits of Defendant's Motion for Summary Judgment, the Court denies Defendant's Motion as premature on Counts I, II, and V. At the appropriate time, Defendant may refile its summary judgment motion with respect to these Counts.

    **B.**    **Violation of the Magnuson-Moss Warranty Act (Count III)**

The viability of Count III is dependent on Plaintiff's state law warranty claims. Because the Court would like to consider Plaintiff's proffered evidence in support of Counts I and II, in order to fully consider the merits of Defendant's Motion for Summary Judgment, the Court denies Defendant's Motion as it relates Count III.

    **C.**    **Unfair and Deceptive Acts and Practices Under Other State Laws (Count VI)**

With respect to Count VI, Defendant contends that it is entitled to summary judgment. Defendant argues that "Plaintiff expressly [pled] Count VI as an 'alternative' claim in the event the NJCFA does not apply to his purchase." (Def.'s Moving Br. 27.) Defendant contends that the Court "has already found that the NJCFA applies to Plaintiff." (*Id.* (citing Sept. 30, 2015 Mem.

7

Op. 25-26).) In support of its position, Defendant argues that in the Third Circuit, "once a court determines which consumer fraud law applies to a plaintiff, any claim brought under a different state's consumer fraud law cannot stand." (*Id.* (citing *Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202 (3d Cir. 2013).) Thus, Defendant argues that "[b]ecause this Court has already found that the NJCFA – and not some other state's consumer fraud law – applies to Plaintiff, summary judgment should be entered in favor of FCA US on Count VI." (*Id.* at 28.) Conversely, Plaintiff contends that his Complaint "alleges that [Defendant] violated the consumer protection statutes of other states and jurisdictions on behalf of absent Class members." (Pl.'s Opp'n Br. 38 (citing Compl. ¶ 128).) Plaintiff contends that he brought "this count to protect the rights of absent Class members." (*Id.* (citation omitted).) Relying on his Complaint, Plaintiff argues that Count VI includes "alternative causes of action under the laws of the States of residence of class members, if it is later determined by the Court that the choice of law rules require the application of these State laws and not those of New Jersey." (*Id.* (citing Compl. ¶ 128).)

In its September 30, 2015 Memorandum Opinion, the Court evaluated Mr. Manesis's claim under the NJCFA. (*See* Sept. 30, 2015 Mem. Op. 25-27.) Plaintiff expressly pled Count VI as an "alternative" to Count V. The Court concluded that the NJCFA applies to Plaintiff, finding that "he has adequately pled an NJCFA claim based on omission." (Sept. 30, 2015 Mem. Op. 27.) "A plaintiff may bring state law claims only under the law of the state where he or she lived and the alleged injury occurred." *Dziekak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 332 (D.N.J. 2014) (citing *e.g.*, *Cooper v. Samsumg Elec. Am., Inc.*, 374 F. App'x 250, 255 (3d Cir. 2010)). The Court has already determined that New Jersey law applies to Plaintiff's claim and, thus, the NJCFA claim (Count V) remains. Generally, a plaintiff cannot also pursue a claim under another state's consumer protection statute. *See Gray v. BMW of N. Am., LLC*, 22 F. Supp. 3d 373, 382 (D.N.J.

2014) (dismissing a plaintiff's NJCFA claim where California law applied); *Block v. Jaguar Land Rover N. Am., LLC*, No. 15-5957, 2016 WL 3032682, at *3 (D.N.J. May 26, 2016) (dismissing a plaintiff's NJCFA claim because Massachusetts law applied). Here, however, Plaintiff brings Count VI on behalf of other class members, seeking to protect the rights of absent class members. The Court, therefore, finds that the more prudent approach is to defer its consideration of this argument until class certification issues have been resolved. *See Warma Witter Kreisler, Inc. v. Samsung Elec. Am., Inc.*, No. 08-5380, 2009 WL 4730187, *at 2 (D.N.J. Dec. 3, 2009) (declining to address whether other states' consumer laws applied until after class certification). Accordingly, the Court denies Defendant's Motion for Summary Judgment as it relates to Count VI.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is denied. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: March 30, 2017