**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID COX, et al., | : |
| Plaintiffs, | : Civil Action No. 14-7573 (MAS) (DEA) |
| v. | : **MEMORANDUM OPINION** |
| CHRYSLER GROUP, LLC, | : |
| Defendant. | : |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Chrysler Group, LLC's ("Defendant" or "FCA US") Motion for Reconsideration of the Court's March 30, 2017 Order. (ECF No. 96.) Alternatively, Defendant "requests [the] Court [to] vacate its March 30, 2017 Order and stay all proceedings pending Plaintiff's completion of the discovery needed to defend against summary judgment[.]" (Def.'s Mot. for Recons. 2, ECF No. 96-1.) Numerous Plaintiffs originally filed this case but only one, Andrew Manesis ("Plaintiff"), remains. Plaintiff filed opposition to the Motion. (ECF No. 99.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion for Reconsideration is DENIED.

I.  **Background**

This putative class action alleges that Defendant sold and failed to repair vehicles with defective sunroofs.[1] On September 30, 2015, the Court issued a Memorandum Opinion on Defendant's motion to dismiss. (Sept. 30, 2015 Mem. Op., ECF No. 26.) The following claims survived: (1) Breach of the Written Basic Limited Warranty (Count I); (2) Breach of Implied Warranty (Count II); (3) Violation of the Magnuson-Moss Warranty Act to the extent the claim is based on a breach of the Written Basic Limited Warranty and/or Breach of Implied Warranty (Count III); (4) Violation of the New Jersey Consumer Fraud Act ("NJCFA") based on alleged omissions (Count V); and (5) Unfair and Deceptive Acts and Practices Under State Laws to the extent it is based on alleged omissions (Count VI). (*Id.*) On August 15, 2016, Defendant filed a Motion for Summary Judgment. (ECF No. 49.) On March 30, 2017, the Court denied Defendant's Motion for Summary Judgment, concluding that it was "premature to determine whether there is a genuine dispute of material fact as to whether Plaintiff has proffered sufficient proof to sustain his claim on the merits." (Mar. 30, 2017 Mem. Op. 7, ECF No. 92.) Specifically, the Court found that, "[b]ased on the limited discovery conducted in this matter and the fact that the discovery has been limited to class-related discovery, . . . Plaintiff has not been provided a sufficient opportunity to engage in merits-based discovery regarding his individual claims against Defendant." (*Id.*)

II. **Legal Standard**

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) "an intervening

---

[1] The Court assumes familiarity with the facts, which are provided in the Court's previous opinion. (Mar. 30, 2017 Mem. Op. 1-5, ECF No. 92.) The Court, therefore, includes only the facts relevant to the pending Motion.

2

change in controlling law"; (2) "[new] evidence not previously available"; or (3) "to correct a clear error of law or prevent manifest injustice." *See id.* (citation omitted). A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to "ask the [C]ourt to rethink what it ha[s] already thought through[.]" *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (second alteration in original) (citation omitted). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

### III. Discussion

Defendant argues that "[t]he Order denying summary judgment was based soley on [the] Court's finding that Plaintiff has not had an opportunity to conduct merits[-based] discovery." (Def.'s Mot. for Recons. 1 (emphasis removed).) Defendant contends that the record demonstrates that "the basis of [the] Court's finding is clearly erroneous[.]" (*Id.* at 2.) Defendant argues that "no party suggested that discovery should be limited to class issues only[,]" and that "the Court placed no limitations on the scope of discovery that could be conducted[.]" (*Id.* at 4-5 (emphasis removed).) Defendant, therefore, argues that the Court "overlooked both critical facts and significant law." (*Id.* at 8.) Specifically, Defendant argues that it "has a right to head off class certification motions and the accompanying expense, by seeking summary judgment before class certification issues are decided." (*Id.* at 10-11 (citation omitted and emphasis removed).) Defendant contends that the "Court's denial of [its] Motion for Summary Judgment as premature rises to the level of clear error because the effect of this denial was to completely negate [Defendant's] right to seek summary judgment prior to class certification." (*Id.* at 12.)

3

In its March 30, 2017 Memorandum Opinion, the Court considered Defendant's argument that "Plaintiff fail[ed] to submit proof as to his claims[.]" (Mar. 30, 2017 Mem. Op. 6.) The Court found that "the initial Pretrial Scheduling Order directed the parties to conduct only class-related discovery." (*Id.* at 6-7 (citation omitted).) Further, the Court noted that "subsequent orders have also limited discovery to class-related discovery." (*Id.* (citation omitted).) With respect to denying the Motion for Summary Judgment as premature, the Court found that because the parties only conducted class-based discovery, the Court was unable to fully address the merits of Plaintiff's individual claims. (*Id.* at 7.) The Court also noted that "[a]t the appropriate time, Defendant may refile its summary judgment motion with respect to [Plaintiff's] Counts." (*Id.*) At bottom, the Court finds that Defendant is asking the Court to rethink its decision to deny Defendant's Motion for Summary Judgment as premature. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original). Accordingly, the Court denies Defendant's Motion for Reconsideration.

## IV. Conclusion

For the reasons set forth above, the Court DENIES Defendant's Motion for Reconsideration.[2] An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** August 8th, 2017

---

[2] Alternatively, Defendant "requests that [the] Court vacate its March 30, 2017 Order and stay all proceedings pending Plaintiff's completion of the discovery needed to defend against summary judgment." (Def.'s Mot. for Recons. 1, ECF No. 96-1.) Defendant, however, fails to demonstrate the factors necessary to warrant a stay of the proceedings. The Court, therefore, denies Defendant's request to vacate the Court's March 30, 2017 Order and stay all proceedings.

4