# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID COX, et al.**<br><br>**Plaintiff(s)**<br>**vs.**<br><br>**CHRYSLER GROUP, LLC.**<br><br><br>**Defendant(s)** | **CIVIL ACTION NO.: 14-7573**<br><br><br>**DECLARATION OF**<br>**JOHN E. KEEFE, JR.** |

I, JOHN E. KEEFE, JR., of full age, hereby declare and certify as follows:

1.     I am an attorney-at-law of the State of New Jersey and am managing partner in the Keefe Law Firm, Co-Counsel to the Plaintiff, Andrew Manesis.  I submit this Declaration in support of the proposed Settlement, and Class Representatives' Motion to Finally Approve the Settlement, and Award Attorneys' Fees and Costs and Incentive Award to Mr. Manesis.

2.     I received my Bachelors of Arts degree from Gettysburg College in 1987 and earned my law degree from Seton Hall University School of Law in 1990.  Thereafter, I served as a law clerk to the Honorable Kenneth C. MacKenzie, Presiding Judge of the Chancery Division in both Morris and Sussex Counties.  During my legal career, I have been involved in numerous class actions in the areas of securities fraud, consumer fraud, complex product liability, and environmental

torts.

3.    I have served as Court-Appointed Liaison Counsel on several occasions and have been Court Appointed Co-Lead Counsel in several State Court and MDL litigations.  I am a Certified Civil Trial Attorney, an AV rated attorney by Martindale-Hubbell, a former past President of the Trial Attorneys of New Jersey (TANJ) and Immediate Past President of the New Jersey State Bar Association.

4.    I have extensive experience throughout New Jersey in handling complex litigation, including consumer and other class action cases and other significant contingent litigation.  Among these cases are *Chaudhri v. Osram Sylvania, Inc.*, 11-5504 (D. N.J.), a consumer fraud class action in the District of New Jersey, which resulted in $30,000,000 nationwide settlement; *Talalai v. Cooper Tire & Rubber Co.,* MID-L-8830-00 MT, a consumer class action in Middlesex County before the Hon. Marina Corodemus, J.S.C., which resulted in a settlement valued at between $1 billion and $3 billion for a nationwide class; *Janes v. Ciba Giegy Corporation*, MID-L-1669-01 MT, an environmental class action in Middlesex County which was finally approved in 2011 and provided class benefits of more than $20 million; and *Clemente v. New Jersey Transit*, ESX-8977-08, a wrongful death action that settled for $10 million in 2011; and *Frank K. Cooper Real Estate #1, Inc. v. Cendant Corp.*, MRS-L-377-02, a consumer fraud action

class action in Morris County which was resulted in settled valued at between $36 and $48 million and finally approved in 2012.

## FACTUAL AND PROCEDURAL BACKGROUND

5.     As detailed in Plaintiff's Complaint, Defendant FCA US LLC ("FCA") manufactures numerous models of vehicles with factory installed sunroofs, including the vehicles subject to the proposed Settlement. *Class Action Complaint, Jury Demand and Designation of Trial Counsel* ("Complaint") at ¶ 2, Dkt. 1; *see also Settlement Agreement and Release*, at Section I. B. and F., attached as Exhibit "A."

6.     Plaintiff, Andrew Manesis, who resides in New Jersey, purchased a 2014 Jeep Compass, which was manufactured by FCA.   *Id.* at ¶ 22; *see also Certification of Andrew Manesis* ("Manesis Certification") at ¶ 2, which is attached as Exhibit "B" to this Declaration.

7.     When the vehicle had only 2,185 miles, Mr. Manesis informed a FCA authorized dealership that water was leaking from his sunroof and brought his vehicle in for service.   *Id.* at ¶ 24.   Despite this and other service trips, Mr. Manesis' sunroof continued to leak. *Id.* at ¶¶ 24-25.

8.     As alleged in Plaintiff's Complaint, since at least 1999, FCA's factory installed sunroofs have leaked inside numerous Class vehicles.   *Id.* at ¶¶ 14-28,

35-49.   Although Plaintiff contends that FCA has known about its leaky sunroofs for years, its maintenance booklets, promotional materials and other sale and lease documents failed to disclose the sunroofs required inspections and maintenance to prevent these leaks.   See *id.* at ¶¶ 4-11, 53-59; *see also* Exhibits "B"-"H" to the Complaint.

9.      Additionally, when the Plaintiffs, which includes Plaintiff, Andrew Manesis, and/or former plaintiffs, and others sought repairs under FCA's standard 3-year, 36,000 mile Basic Limited Warranty, FCA denied coverage, pointing to a "maintenance problem" or "environmental issue" or advising not to "park under trees" or "drive down dirt roads." *Id.* at ¶¶ 7, 15, 17, 19, 24, 27.

10.     Plaintiff continues to own this vehicle. *See Manesis Certification* at ¶ 2.

11.     The gravamen of Plaintiff's Complaints and allegations against FCA has been that FCA should have notified its customers (the Class members) about the need to periodically clean or maintain their sunroofs.   As discussed *infra*, the proposed Settlement and Class benefits are tailored to this principal complaint.

12.     FCA has vigorously denied each of Plaintiff's allegations.

## **LITIGATION HISTORY**

13.     Based upon their problems with leaking sunroofs, former Plaintiffs, David Cox, Melissa Doherty, Teresa Hughes, Anthony Lombardo, and Michael

Newcomb ("Plaintiffs"), began this litigation on February 8, 2012 in *Miller v. Chrysler Group LLC*, Case No. 12-760 (D. N.J.) ("*Miller*" or "*Miller Action*").[1] The Court terminated the *Miller Action* after the parties entered into a *Stipulation of Parties Regarding Termination of Case for Purposes of Refiling* ("*Stipulation I*"). *See Miller* at Dkt. 70.

14.     Prior to *Miller*'s dismissal, FCA had filed an omnibus motion seeking dismissal of all of Plaintiffs' causes of action.  On June 30, 2014, this Court denied in part and granted in part FCA's Motion to Dismiss.  *Miller v. Chrysler Group LLC*, No. 12-760 (D. N.J. June 30, 2014).   In particular, the Court refused to dismiss Plaintiffs' counts for breach of implied warranty of merchantability and violations of the Magnuson-Moss Act, New Jersey Consumer Fraud Act and the unfair and deceptive acts and practices laws of other states.  *See id.* at *9-10, 12-14.

15.     Plaintiffs filed the current action on December 4, 2014.  Plaintiffs pled breach of express warranty, breach of implied warranty of merchantability, violations of the Magnuson-Moss Warranty Act, New Jersey Consumer Fraud Act and the unfair and deceptive acts and practices laws of other states and Andrew Manesis was added as an additional plaintiff.  *See, generally, Class Action Complaint, Jury Demand and Designation of Trial Counsel* ("Complaint") at Dkt.

---

[1]     These Plaintiffs have dismissed their claims with prejudice and are no longer participating in this litigation.  The only plaintiff is Andrew Manesis.

1. Thereafter, FCA filed its second motion to dismiss. *See* Dkt. 8.

16.     On September 30, 2015, the Court denied in part and granted in part FCA's motion. *Cox v. Chrysler Group LLC*, No. 14-7573 (D. N.J. September 30, 2015) ("*Cox Opinion*"), Dkt. 26.  The Court declined to dismiss Plaintiff's counts for breaches of express warranty and the implied warranty of merchantability, violations of the Magnuson-Moss Warranty Act, the CFA for omission-based claims, and the unfair and deceptive acts and practices laws of other states. *See id.* at *10-12, 20-22, 25-28.

17.     Thereafter, the parties then engaged in class certification discovery. During this process, the parties exchanged answers to interrogatories and performed substantial document production and review.   In particular, FCA produced hundreds of thousands of pages and lines of data regarding its sales, consumer complaints, FCA communications with its authorized dealers about sunroof-related water issues and sunroof design.[2]   The parties deposed multiple fact witnesses and inspected Plaintiff's and other Class vehicles.

18.     Based upon this discovery, the parties retained multiple experts for class certification, who submitted reports and were deposed by counsel.  As these reports are subject to the Court's Confidentiality Order and were previously produced by the parties as exhibits to numerous motions, I have not attached them

---

This class certification discovery is subject to a Confidentiality Order. *See* Dkt. 25.

as exhibits. *See, e.g., Report of Dan Cowley*, attached as Exhibit "J" of *Declaration of Stephen T. Sullivan, Jr.* ("Sullivan Declaration"), Dkt. 136, 139; *Report of Stan V. Smith*, attached as Exhibit "R" of *Sullivan Declaration*.   Upon the Court's request, I will produce these reports under seal.

19.   Through the previously-described discovery, Plaintiff and Counsel developed an in-depth understanding of the strengths and weaknesses of their claims and FCA's defenses, which assisted and guided the extensive settlement negotiations between the parties.

20.   On August 15, 2016 and September 8, 2016, FCA moved for summary judgment and exclude certain Class members from the proposed Class, respectively. *See* Dkt. 49 and 53.

21.   Plaintiff opposed these motions, and on March 30, 2017 and April 4, 2017, the Court denied FCA's requests for summary judgment and to exclude. *See* Dkt. 93 and 94.

22.   Thereafter, on April 7, 2017, FCA moved for reconsideration of the Court's summary judgment denial, which the Court denied on August 8, 2017. *See* Dkt. 96 and 129.

23.   During the pendency of FCA's motions for summary judgment and to exclude, on March 10, 2017, Plaintiff filed his original Motion for Class Certification. *See* Dkt. 84.   FCA opposed the motion, and moved to exclude

Plaintiff's liability expert. *See* Dkt. 100 and 101.

24.     Likewise, Plaintiff moved to exclude FCA's liability expert and a corporate witness. *See* Dkt. 112 and 117.   In its Opinion on class certification, dated October 5, 2017, the Court found that "Plaintiff has Article III standing to bring his claims and claims for the Vehicles that he did not purchase" and to pursue claims under the New Jersey Consumer Fraud Act. *Cox v. Chrysler Group, LLC*, No. 14-7573, *7-9, Dkt. 131 (hereinafter "Certification Opinion").   It also found that Plaintiff satisfied the prerequisites of numerosity, commonality and adequacy of counsel. *See id.* at *11-14, *15-16.   The Court determined, however, that Plaintiff did not satisfy adequacy and typicality because his interests may be antagonistic to purchasers of used Class Vehicles. *See id.* at *14-17.   In particular, the Court questioned whether Plaintiff could represent the interests of former or used purchasers of vehicles because of potential differences in damages. *Id.*

25.     Thereafter, on November 21, 2017, Plaintiff filed his second Motion for Class Certification. *See* Dkt. 134.   Again, FCA opposed the motion and filed motions to preclude certain proposed class members, and Plaintiff's liability and damages experts. *See* Dkt. 142-144.   Plaintiff renewed his motions to exclude FCA's liability expert and corporate witness. *See* Dkt. 164 and 169.

26.     On June 22, 2018, the Court ordered *Daubert* hearings on the parties' liability experts relating for the pending motions.  *See* Dkt. 184 and 186.  These motions and the hearings were pending when the parties reached the proposed Settlement.

## MEDIATION AND SETTLEMENT

27.     Settlement negotiations were hard-fought and protracted.

28.     After preliminary settlement discussions between Plaintiff's and FCA's counsel, the parties agreed to mediate before a nationally-recognized mediator, Bradley A. Winters, Esq.

29.     The First Mediation occurred on October 10, 2018.  Although this full-day session failed to resolve the matter, the parties continued to discuss settlement through Mr. Bradley with several telephone conferences.

30.     As a result, on February 27, 2019, counsel again met with Mr. Winters.  After another full-day session, the parties were unable to resolve all of their differences, but agreed to continue their discussions.

31.     Thereafter, the Court scheduled a settlement conference for March 29, 2019.  On that date, the parties consented to the Hon. Tonianne J. Bongiovanni, U.S.M.J. conducting further settlement negotiations.  These negotiations consisted of an in-person settlement conference and numerous telephone conferences with

Judge Bongiovanni.

32.   With Judge Bongiovanni's continued assistance, on or about September 10, 2019, the parties agreed to a settlement-in-principle.   This settlement is memorialized in the Settlement Agreement, which is attached as Exhibit "A."

## SUMMARY OF SETTLEMENT

33.   The proposed Settlement provides substantial injunctive relief to the Class, which meets the predominant complaints and allegations asserted by Plaintiff against FCA in his Complaint and the numerous substantive motions during this litigation.

34.   The proposed Class consists of "individuals who purchased or leased in the United States a vehicle manufactured by FCA US LLC on or after June 10, 2009 and through the date of the execution of this settlement agreement, which is equipped with a factory installed sunroof." *See Settlement Agreement and Release* at Section I. B.

35.   As detailed in the Settlement Agreement, FCA agrees to provide significant consumer notice benefits, consisting of the following:

A.   Future Owner's Manuals.

FCA US shall include in future Owner Manuals (*i.e.,* those that have not yet been finally approved for publishing) information relative to

sunroof maintenance.

B.     Request To Dealerships For Posting Regarding Sunroof Maintenance.

FCA US shall provide its authorized dealerships with a one page document indicating that sunroof channels should be periodically cleaned of debris and request that each dealership post the document in its customer service or waiting area.

C.     Communication To Warranty Departments.

FCA US shall send a communication to its warranty department(s) reiterating that water-related sunroof issues are covered under the 3 year/36,000 mile Basic Limited Warranty.

[*Id.* at Section III.]

36.     For these benefits, Plaintiff and the Class <u>release only</u> their injunctive claims against FCA. *See id.* at Section VI., ¶¶ 1-4.

37.     They <u>do not release</u> any claims for personal injury or property damage. *See id.* at Section VI. ¶ 5.

38.     Finally, FCA agrees not to oppose an award of attorneys' fees and costs and a service award to Mr. Manesis, so long as the amounts to do not exceed, "Three Hundred Fifty Thousand Dollars ($350,000.00) for attorneys' fees; One Hundred Twenty-Eight Thousand Eight Hundred Seventy-Three Dollars and Seventy-Nine Cents ($128,873.79) for costs; and Four Thousand Dollars ($4,000.00) for an incentive award for Plaintiff." *Id.* at Section VII., ¶ 1.

39.     These benefits provide Class Members with information about sunroof maintenance, and reinforces that water-related issues to factory-installed

sunroofs are covered by FCA's standard warranty – issued raised by Plaintiff, Andrew Manesis, and the former Plaintiffs, throughout this litigation, and brings them to industry standards.

## **THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE**

40.    Counsel believes that the Settlement is fair reasonable and adequate and, under Rule 23, should be approved by the Court.

41.    Moreover, Plaintiff, Andrew Manesis, also requests that the Settlement be approved by the Court. *See Manesis Certification* at ¶¶ 7-8, 11, 17-18.

42.    As discussed below, a review of relevant factors establishes that the Settlement is fair, reasonable and adequate and the Court should finally approve it.

*Continued Prosecution of this Action Would Be Complex,*
*Expensive, and Prolonged.*

43.    By measuring the costs of continuing the action, a court can gauge the benefit of settling the claim amicably.

44.    Although much progress had been made in litigating this Action, at the point this Settlement was reached, much work was left to be done.  Class Certification was pending and FCA made clear that it intended on renewing its

motion for summary judgment motion.   Moreover, the parties had yet to start merits discovery of Plaintiff's claims.

45.     Undoubtedly, FCA would have continued to vigorously defend this Action until the conclusion of trial, which would have involved substantial pretrial and trial motions. The trial itself would have lasted for several weeks.  Further, the unsuccessful parties to either the motions for class certification or summary judgment or trial would almost certainly have appealed.   In contrast to the uncertainty and expense involved in continued litigation, the Settlement guarantees immediate relief for the Class, a factor weighing heavily in favor of final approval.

*The Stage of the Proceedings Supports Final Approval of the Settlement*

46.     The parties have been actively litigating this Action.  As explained previously, there has been extensive motion practice in this matter, including multiple substantive motions and two motions for class certification. Additionally, Counsel and its retained experts reviewed thousands of pages of documents and millions of lines of data from FCA.  Based upon this information, and other discovery, Counsel developed a solid basis on which to evaluate the merits of the case.

*Class Representatives Faced Risks in Establishing Liability and Damages*

47.     Notwithstanding Class Counsel's belief in the strength of the case, continued litigation through trial posed genuine risks regarding Plaintiff's and the Class' ability to satisfy (and maintain) the standard for class certification and establish prove liability and damages.  Throughout the litigation, FCA has denied liability and asserted various defenses to Plaintiff's allegations.  Assuming all of Plaintiff's claims survived summary judgment and/or were certified by the Court, the potential existed that a jury would accept FCA's arguments that it did not commit consumer fraud or breached its warranties to Plaintiff and the Class.

48.     Further, recovery of damages is never certain.  Plaintiff faced the risk that he would be unable to prove some or all of his or the Class' damages.  FCA has argued that Plaintiff has not set a credible damages methodology.   The determination of damages, like the determination of liability, is a complicated and uncertain process, involving conflicting expert opinions.  The reaction of a jury to complex expert testimony is highly unpredictable.   The jury may reject assumptions underlying the expert testimony regarding damages as speculative or unreliable.  Conceivably, a jury could find that there are no damages.  A judgment against FCA was not a foregone conclusion.   In short, when objectively and realistically viewed, the benefits of the Settlement outweigh the risks of establishing liability and damages in this case.

*Risks of Maintaining Class Action Status Through Trial*

49.     As previously detailed, the Court denied Plaintiff's motion for class certification and his second motion for class certification was pending when this matter settled.    While Counsel is confident that the Court would have granted Plaintiff's second motion for class certification, given the complexities of the facts of the case and Plaintiff's theories on liability and damages, the threat of the Court denying the motion again or decertify the Class at a later date remained reasonable possibilities.    Thus, the risk of maintaining class action status through trial favors final approval of the Settlement.

50.     Therefore, based upon the above, the proposed Settlement is fair, reasonable and adequate, and Plaintiff, Andrew Manesis, and Counsel respectfully requests that the Court grant final approval of the Settlement, and enter the proposed Order Granting Final Approval of Class Settlement, which is attached as Exhibit "A" to the *Settlement Agreement*.

## THE REQUESTED AWARD OF FEES, COSTS AND INCENTIVE AWARD IS EXCEPTIONALLY REASONABLE

51.     After negotiating an agreement-in-principle on the Class' benefits, the parties engaged in resolving Counsel's fees and costs and an Incentive Award for Mr. Manesis.    Like the parties' negotiations for the Class' benefits, these discussions were performed at arms-length with the assistance of the mediator and Judge Bongiovanni and heavily disputed.

52.     Ultimately, Plaintiff and Counsel agreed to $350,000.00 in  fees and $128,873.79 in costs to Counsel, and an Incentive Award in the amount of $4,000.00 to Mr. Manesis. *Settlement Agreement* at Section VIII, ¶ 1. Moreover, as explained in the Settlement Agreement, "[s]ubject to entry of the Final Order and Judgment, and with Court approval, FCA US agrees not to object to a motion seeking an award of attorneys' fees, costs and Class Representative service awards, so long as the amounts do not exceed" those presently being requested by Plaintiff and Counsel. *Id.*

53.     During this Action's pendency, as evident from the Court's docket, *see* Exhibit "J," the parties filed numerous motions and other legal applications, cumulatively hundreds of pages of briefing, and participated in numerous conferences or hearings with the Court.

54.     Counsel also reviewed hundreds of thousands of pages of documents and lines of electronic data from defendant.  In evaluating this discovery, Counsel engaged qualified experts to assist them.  Review of the documents and data took months to complete.   This law firm participated in each of the previously-events, often taking primary or lead responsibility.

55.     Had this matter not settled, Counsel and Plaintiff were prepared to continue litigating against the defendant, and proceeding with class certification, the Court-ordered *Daubert* hearings, and merits discovery.

56.     Based upon the previously-described extensive motion practice, class certification discovery and mediation and settlement process, Counsel expended thousands of hours in attorney and para-professional time.  *See, e.g., Lodestar Chart for Keefe Law Firm*, attached as Exhibit "C."  The requested fee award of $350,000 is only a partial, modest recovery of Counsel's time commitment and investment in this litigation.

57.     Similarly, the requested cost award of $128,873.79 represents only a portion of the costs expended by Counsel in prosecuting this litigation.  *See, e.g., Costs Chart of Keefe Law Firm*, attached as Exhibit "D."

58.     These reasonable costs include experts' fees, costs of court reporters and deposition transcripts, travel and lodging expenses, electronic legal research, e-discovery management, storage fees, copying costs, telephone and fax, and messenger/mail services.  *See id.*; *see also* paragraphs 60 and 61, *infra*.

59.     Exhibits "C" and "D" were prepared from time records regularly prepared and maintained by the Keefe Law Firm.  Upon the Court's request, Counsel will produce these underlying records to the Court *in camera*.

60.     Attached as Exhibit "E" is the *Certification of Joseph LoPiccolo* detailing the time and costs of Poulos LoPiccolo.  Upon the Court's request, Counsel will produce these underlying records to the Court *in camera*.

61.    Attached as Exhibit "F" is the *Certification of Peter C. Lucas* detailing the time and costs of the Law Office of Peter C. Lucas.  Upon the Court's request, Counsel will produce these underlying records to the Court *in camera*.

62    Attached as Exhibit "G" is the firm resume of the Keefe Law Firm.

63.    Attached as Exhibit "H" is the firm resume of the Poulos LoPiccolo.

64.    Attached as Exhibit "I" is the firm resume of the Law Office of Peter C. Lucas.

65.    The Exhibits attached to this Certification are true and accurate copies.

I declare under penalty of law under the laws of the United States that the foregoing is true and correct.  Executed in Red Bank on October 25, 2019.


/s/ John E. Keefe, Jr.
JOHN E. KEEFE, JR.

# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into by Plaintiff Andrew Manesis with Defendant FCA US LLC, subject to the approval of the Court.

## I.   DEFINITIONS.

Plaintiff, Andrew Manesis, and Defenant FCA US LLC, agree that, wherever used in this Settlement Agreement and Release, the following words and terms shall have the meanings set forth below, and that, where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

A.   **"Claim"** means all claims, demands, actions, suits, causes of action, allegations of wrongdoing and liabilities that are injunctive in nature asserted by Plaintiff, individually and as Class Representative in the Litigation, and all claims for injunctive relief, whether or not known or existing at the time of this Settlement Agreement, that arise out of the facts alleged in the Complaint filed in the Litigation.

B.   **"Class"** means all individuals who purchased or leased in the United States a vehicle manufactured by FCA US LLC on or after June 10, 2009 and through the date of the execution of this settlement agreement, which is equipped with a factory installed sunroof.

C.   **"Class Counsel"** means John E. Keefe, Jr. and Stephen T. Sullivan, Jr. of the Keefe Law Firm, Joseph LoPiccolo and John N. Poulos of Poulos LoPiccolo PC, and Peter C. Lucas of Law Offices of Peter C. Lucas, LLC.

D.   **"Class Member"** means any person who falls within the definition of the Class.

E.   **"Class Vehicle"** means all the vehicles which fall within the definition of the Class.

F.   **"Court"** means the United States District Court for the District of New Jersey.

1

G.   **"Effective Date"** means the first date after the Court enters a Final Order and Judgment and all appellate remedies have been exhausted.  If there are no timely objectors, and thus no one with standing to appeal, the Effective Date shall be the first date after the Court enters a Final Order and Judgment, or, if there are objectors, the Effective Date shall be the first day after all appellate rights with respect to the Final Order and Judgment have expired or been exhausted in such manner as to affirm the Final Order and Judgment.

H.   **"FCA US"** means the defendant in the Litigation, FCA US LLC, and each of its past or present directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, parents, subsidiaries, joint venturers, independent contractors including its authorized dealerships, related companies, and divisions, and each of their predecessors, successors, heirs, and assigns.

I.   **"Final Order and Judgment"** means an order approving this Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e)(2) and entering judgment on the terms stated herein.

J.   **"Litigation"** means the lawsuit entitled *David Cox v. FCA US LLC,* Case No. 3:14-cv-07573, which is pending in the United States District Court for the District of New Jersey.

K.   **"Parties"** means FCA US and Plaintiff, individually and as the representative of the Class.

L.   **"Plaintiff"** or **"Class Representative"** means Andrew Manesis.

M.   **"Settlement Agreement"** or **"Settlement"** means this document, which is the agreement of the Parties to resolve the Litigation.

2

## II.    RECITALS.

WHEREAS, Plaintiff is the named plaintiff and proposed class representative in the Litigation and asserts claims for 1) breach of express warranty, 2) breach of implied warranty, 3) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, 4) injunctive and equitable relief, 5) violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*, and 6) Unfair and Deceptive Act Practices Under State Laws, all of which are based on allegations that FCA US sold the Class Vehicles equipped with sunroofs that have a propensity to leak; and

WHEREAS, FCA US denies that Plaintiff's Claims are meritorious and denies that it is legally liable to Plaintiff or any member of the Class for any of the matters asserted in the Litigation; and

WHEREAS, the Litigation has proceeded for over 4½ years, during which time the Parties engaged in pretrial activities and motion practice, including conducting written discovery and depositions, producing and reviewing documents, and retaining and deposing experts; and

WHEREAS, the Parties participated in two all-day, in-person mediation sessions with Bradley Winters, Esq., and then in a mediation session with, and multiple follow-up calls and emails with, Magistrate Judge Tonianne J. Bongiovanni of the United States District Court for the District of New Jersey; and

WHEREAS, through the significant arm's-length settlement negotiations the Parties ultimately reached an agreement to settle the Litigation; and

WHEREAS, Plaintiff and Class Counsel have (a) conducted a thorough investigation and evaluation of the facts and law relating to the Claims asserted to determine how best to serve the interests of Plaintiff and the Class, (b) retained expert consultants to analyze the alleged defect

3

issues associated with sunroof water leaks, and (c) reviewed documentation provided by putative Class Members regarding their experiences with sunroof water leaks; and

WHEREAS, Plaintiff and Class Counsel believe the Claims have merit but recognize and acknowledge the expense, length, and risks of continued proceedings that would be necessary to prosecute them against FCA US through trial and appeals, and, taking into account the uncertain outcome and risk of any litigation especially in complex actions such as this, have determined that the proposed Settlement is in the best interests of the Class and represents a fair, reasonable, and adequate resolution of the Litigation;

WHEREAS, FCA US has concluded that Settlement is desirable to resolve, finally and completely, all pending and potential Claims of Plaintiff and all Class Members and all Claims which were or could have been asserted by Plaintiff and the Class in this Litigation relating to the alleged practices and defects at issue; and

WHEREAS, the undersigned Parties believe that this Settlement Agreement offers significant benefits to Class Members and is fair, reasonable, adequate, and in the best interests of all Class Members;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the undersigned Parties, as follows:

## III. TERMS OF SETTLEMENT AGREEMENT.

In consideration for the release provided herein and for the dismissal of the Litigation with prejudice, FCA US agrees, under the terms of this Settlement Agreement, to provide benefits to Class Members as follows:

A.    **Future Owner's Manuals.**

FCA US shall include in future Owner Manuals (*i.e.,* those that have not yet been finally approved for publishing) information relative to sunroof maintenance.

B.    **Request To Dealerships For Posting Regarding Sunroof Maintenance.**

FCA US shall provide its authorized dealerships with a one page document indicating that sunroof channels should be periodically cleaned of debris and request that each dealership post the document in its customer service or waiting area.

C.    **Communication To Warranty Departments.**

FCA US shall send a communication to its warranty department(s) reiterating that water-related sunroof issues are covered under the 3 year/36,000 mile Basic Limited Warranty.

IV.   **SETTLEMENT APPROVAL PROCESS.**

The Parties acknowledge that prompt approval, consummation, and implementation of this Settlement Agreement are essential.  The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

A.    **Notice to Class Members**

The Parties agree that, because the relief provided to the Class is injunctive only and because Plaintiff and Class Members are releasing claims only for injunctive relief, no notice to the Class is necessary and will not be issued.

5

### B.   Approval of Settlement

Promptly after execution of this Settlement Agreement by the Parties, Plaintiff shall present this Settlement Agreement to the Court for review and shall move for entry of a Final Order and Judgment substantially in the form attached hereto as **Exhibit A**, which shall provide:

1.   This Settlement Agreement is fair, reasonable, and adequate;

2.   No Class Notice shall issue;

3.   Attorney fees, costs, and service awards shall be paid as provided herein;

4.   The release specified herein is binding and effective as to all Class Members;

5.   Judgment is entered on the terms stated herein; and

6.   The Court retains jurisdiction over the Parties and Class Members to enforce the terms of the Final Order and Judgment.

Upon entry of the Final Order and Judgment, this Litigation shall be dismissed, on its merits and with prejudice with respect to Plaintiff and all Class Members, subject to the continuing jurisdiction of the Court.

## V.   OBJECTIONS BY CLASS MEMBERS.

In the event any Class Member moves to intervene for the purpose of objecting to this settlement, the Parties agree to jointly oppose such intervention and to request that the Court order the proposed intervenor to 1) provide proof of ownership of a Class Vehicle, 2) provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years or to affirmatively attest in writing that there have never been any such objections, 3) to show cause why the Settlement Agreement should not be approved as fair, reasonable, and adequate, and 4) to allow the Parties, at their option, to obtain written

discovery from and depose the proposed intervenor and to tax the costs for such discovery against the proposed intervenor if it is determined that the motion seeking intervention and/or proposed objection is frivolous or made for an improper purpose.

## VI.    RELEASE.

1.      Upon entry of the Final Order and Judgment, Plaintiff and Class Members forever release and discharge all Claims for injunctive relief related to, and arising out of, any failure by FCA US to provide an instruction or warning related to sunroof maintenance that have been brought or could have been brought against FCA US, whether known or unknown, asserted or unasserted, under or pursuant to any statute, regulation, or common law.

2.      Plaintiff and the Class Members recognize that, even if they later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Order and Judgment, Plaintiff and the Class Members fully, finally, and forever settle and release any and all Claims against FCA US for injunctive relief related to, and arising out of, any failure by FCA US to provide an instruction or warning related to sunroof maintenance that have been brought or could have been brought against FCA US.

3.      The Parties acknowledge that the foregoing waiver and release was bargained for and is a material element of the Settlement Agreement.

4.      The Release shall be effective with respect to all Class Members.

5.      The Settlement Agreement and Release do not release claims for personal injury or property damage.

## VII.   CONTINUING JURISDICTION OF THE COURT.

1.      The administration and consummation of the Settlement Agreement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and

implement the Settlement Agreement.  The Court retains jurisdiction to enter such further orders

as may be necessary or appropriate in administering and implementing the terms and provisions

of the Settlement Agreement, including, but not limited to, Orders enjoining Class Members

from prosecuting Claims that are released pursuant to the Settlement Agreement and allowing for

discovery related to objecting persons.

      2.      Upon issuance of the Final Order and Judgment:  (i) the Settlement Agreement

shall be the exclusive remedy for any and all Class Members for the claims released herein;

(ii) FCA US shall not be subject to liability or expense of any kind to any Class Member(s) for

reasons related to the Litigation except as set forth herein; and (iii) Class Members shall be

permanently barred from initiating, asserting, or prosecuting any and all released Claims against

FCA US.

## VIII.  **ATTORNEY FEES AND COSTS.**

      1.      Plaintiff, through Class Counsel, shall petition the Court for an attorneys' fee

award, cost award, and for a Class Representative service award.  Subject to entry of the Final

Order and Judgment, and with Court approval, FCA US agrees not to object to a motion seeking

an award of attorneys' fees, costs, and Class Representative service awards, so long as the

amounts do not exceed the following:  Three Hundred Fifty Thousand Dollars ($350,000.00) for

attorneys' fees; One Hundred Twenty-Eight Thousand Eight Hundred Seventy-Three Dollars and

Seventy-Nine Cents ($128,873.79) for costs; and Four Thousand Dollars ($4,000.00) for an

incentive award for Plaintiff.  FCA US agrees to pay the attorneys' fees, costs, and service award

not exceeding the amounts identified herein separate and apart from, and in addition to, the relief

provided to the Class Members.  FCA US will issue to the Keefe Law Firm one check in the

amount approved by the Court for attorneys' fees, costs, and the service award.  Class Counsel

agree that they will assume all liabilities related to, and arising out of, the proper distribution of the check.

2.      Class Counsel and Plaintiff shall be entitled to payment of the fees, expenses, and service awards awarded by the Court within thirty (30) days of the Effective Date of the Court's entry of the Final Order and Judgment *and* the Order awarding such fees and costs.  The Keefe Law Firm must provide to FCA US, immediately upon entry of the Final Order and Judgment, a completed W-9 form to be used for payment of the attorneys' fees, costs, and service award.  In the event that the Final Order and Judgment is reversed in whole or part on appeal, only that portion of an attorneys' fee and/or cost award and/or service award that is affirmed shall be paid to Class Counsel.

3.      Except as otherwise provided in this Settlement Agreement, each party to this Settlement Agreement shall bear his, her, or its own attorneys' fees and costs of the Litigation.

## IX.    **MISCELLANEOUS PROVISIONS.**

### A.      **Choice of Law.**

This Settlement Agreement shall be governed by, and construed in accordance with, the substantive laws of the State of New Jersey without giving effect to any choice or conflict of law provision or rule that would cause the application of the laws of any other jurisdiction.

### B.      **Termination by the Parties.**

Either party, at its discretion, may terminate and rescind the Settlement Agreement and Release if all of the terms herein, including but not limited to the terms related to Class notice, are not finally approved by the Court.  Either party can exercise this option upon written notice to counsel within fourteen (14) days of the date on which the Court denies any motion seeking final approval of this Settlement Agreement.

### C.     Not Evidence.

The Parties understand and acknowledge that this Settlement Agreement constitutes a compromise and settlement of disputed Claims.  No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with this Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever to any other party.

Neither this Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of it (a) is, or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any Claim made by Plaintiff or Class Members, or of any wrongdoing or liability of FCA US, or (b) is, or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of FCA US in any proceeding in any court, administrative agency, or other tribunal.

To the extent permitted by law, this Settlement Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted against FCA US or in breach of this Settlement Agreement.

This provision shall survive the expiration or voiding of the Settlement Agreement.

### D.     Headings.

The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

**E.     Effect of Exhibits.**

The exhibit to this Agreement is an integral part of the settlement and is expressly incorporated and made a part of this Settlement Agreement.

**F.     Entire Agreement.**

This Settlement Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this Agreement. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Settlement Agreement. No modification or waiver of any provisions of this Settlement Agreement shall in any event be effective unless the same shall be in writing and signed by the person or Party against whom enforcement of the Settlement Agreement is sought.

**G.     Counterparts.**

This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it, and all of which shall be deemed a single agreement.

**H.     Arm's-Length Negotiations.**

The Parties have negotiated all of the terms and conditions of this Settlement Agreement at arm's length. The provisions for attorneys' fees, costs and service awards set forth herein were negotiated separately from, and after agreement was made on, the provisions for relief to Class Members.

11

All terms, conditions, and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by, and participation of, all Parties and their counsel.  Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply.  The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

**I.      Good Faith.**

The Parties acknowledge that prompt approval, consummation, and implementation of this Settlement Agreement is essential.  The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall attempt to resolve any dispute that may arise under this Settlement Agreement expeditiously and in a good faith.

**J.      Continuing Jurisdiction.**

The Parties agree the Court may retain continuing and exclusive jurisdiction, over them and all Class Members, for the purpose of the administration and enforcement of this Settlement Agreement.

**K.     Service of Notice.**

Whenever, under the terms of this Settlement Agreement, a person is required to provide service or written notice to FCA US or Plaintiffs, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other parties in writing:

<u>As to Plaintiff</u>:        John E. Keefe, Jr.
                      Stephen T. Sullivan, Jr.
                      Keefe Law Firm
                      125 Half Mile Road, Suite 100
                      Red Bank, New Jersey  07701


<u>As to FCA US</u>:        Kathy A. Wisniewski
                      Stephen A. D'Aunoy
                      Thompson Coburn LLP
                      One US Bank Plaza
                      St. Louis, MO  63101

IN WITNESS HEREOF, each of the Parties hereto has caused this Agreement to be executed, all as of the day(s) set forth below.

Dated:  October 8, 2019              **ANDREW MANESIS**

                              By:  _____
                                   Andrew Manesis
                                   *Individually and as Representative of the Class*


Dated:  October ___, 2019            **KEEFE LAW FIRM**

                              By:  _____
                                   John. E. Keefe, Jr.
                                   Stephen T. Sullivan, Jr.
                                   *Class Counsel*

13

**K.     Service of Notice.**

Whenever, under the terms of this Settlement Agreement, a person is required to provide service or written notice to FCA US or Plaintiffs, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other parties in writing:

<u>As to Plaintiff</u>:          John E. Keefe, Jr.
                               Stephen T. Sullivan, Jr.
                               Keefe Law Firm
                               125 Half Mile Road, Suite 100
                               Red Bank, New Jersey 07701


<u>As to FCA US</u>:          Kathy A. Wisniewski
                               Stephen A. D'Aunoy
                               Thompson Coburn LLP
                               One US Bank Plaza
                               St. Louis, MO 63101

IN WITNESS HEREOF, each of the Parties hereto has caused this Agreement to be executed, all as of the day(s) set forth below.

Dated: October ___, 2019            **ANDREW MANESIS**

                          By:    _____
                                 Andrew Manesis
                                 *Individually and as Representative of the Class*


Dated: October *10*, 2019            **KEEFE LAW FIRM**

                          By:    _____
                                 John. E. Keefe, Jr.
                                 Stephen T. Sullivan, Jr.
                                 *Class Counsel*

13

Dated:  October __, 2019

**POULOS LoPICCOLO PC**

By: _____

Joseph LoPiccolo
John N. Poulos
*Class Counsel*

Dated:  October __, 2019

**LAW OFFICES OF PETER C. LUCAS, LLC**

By: _____

Peter C. Lucas
*Class Counsel*

Dated:  October ___, 2019

**JANET DELECKE**

By: _____

Janet Delecke
Senior Counsel
*For FCA US LLC*

**APPROVED AS TO FORM ONLY:**

Dated:  October ___, 2019   By: _____

Kathy A. Wisniewski
Stephen A. D'Aunoy
THOMPSON COBURN LLP
One US Bank Plaza
St Louis, MO  63101

*Attorneys for Defendant FCA US LLC*

14

Dated: October ___, 2019                 POULOS LoPICCOLO PC

                                          By: _____
                                               Joseph LoPiccolo
                                               John N. Poulos
                                               *Class Counsel*

Dated: October ___, 2019                 LAW OFFICES OF PETER C. LUCAS, LLC

                                          By: _____
                                               Peter C. Lucas
                                               *Class Counsel*

Dated: October _10_, 2019                JANET DELECKE

                                          By: _____
                                               Janet Delecke
                                               Senior Counsel
                                               *For FCA US LLC*

**APPROVED AS TO FORM ONLY:**

Dated: October _14_, 2019   By: _____
                                 Kathy A. Wisniewski
                                 Stephen A. D'Aunoy
                                 THOMPSON COBURN LLP
                                 One US Bank Plaza
                                 St Louis, MO  63101

                                 *Attorneys for Defendant FCA US LLC*

14

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAVID COX, *et al.*, | : Case No. 3:14-cv-7573 (MAS)(DEA) |
| Plaintiffs, | : Hon. Michael A. Shipp |
| vs. | : United States District Judge |
| CHRYSLER GROUP LLC, | : |
| Defendant. | : |

## ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT[1]

The parties have entered into a Settlement Agreement ("Settlement") which resolves this putative class action. Plaintiff Andrew Manesis has filed a motion for final approval of the Settlement, which Defendant FCA US LLC supports. The Court has read and considered the Settlement Agreement and finds there is a sufficient basis for certifying the proposed class for settlement purposes and granting final approval of the Settlement.

The Court now GRANTS the motion for final approval and makes the following findings and orders:

### Approval Of The Settlement

1.    The Court approves the proposed Settlement, finding that its terms are fair, reasonable, and adequate. The Court further finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations between their respective counsel and with the assistance of neutral mediators, including Magistrate Judge Tonianne J. Bongiovanni of the United States District Court for the District of New Jersey.

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement executed by the Parties, and the terms used in this Order shall have the defined meanings set forth in the Settlement Agreement.

2.      The Court appoints Plaintiff Andrew Manesis as Class Representative, and John

E. Keefe, Jr. and Stephen T. Sullivan, Jr. of the Keefe Law Firm, Joseph LoPiccolo and John N.

Poulos of Poulos LoPiccolo PC, and Peter Lucas of Law Offices of Peter C. Lucas, LLC as

Class Counsel.

### Certification Of The Settlement Class

3.      The Court certifies the following settlement class pursuant to Rule 23 of the

Federal Rules of Civil Procedure:

> All individuals who purchased or leased in the United States a vehicle
> manufactured by FCA US LLC on or after June 10, 2009 and through the date of
> the execution of the Settlement Agreement, which is equipped with a factory
> installed sunroof

4.      The Court finds that the requirements of Rule 23(a) of the Federal Rules of Civil

Procedure are met.  Joinder of all members of the class in a single proceeding would be

impractical, if not impossible, because of the number of Class Vehicles sold, and their

dispersion, nationwide.  There are common questions of law and fact among the Class Members,

*i.e.,* the Class Members' Claims depend on whether or not a warning or instruction was needed

regarding sunroof maintenance due to an alleged propensity of the sunroofs in the Class Vehicles

to leak.  Plaintiff's Claims are typical of those of the Class because he purchased a Class Vehicle

and complains of the same lack of allegedly necessary sunroof maintenance instructions that

forms the basis of Class Members' Claims.  Plaintiff and his counsel will fairly and adequately

protect the interests of the Class as there are no antagonistic interests among Plaintiff and Class

Members, and both Plaintiff and Class Counsel have vigorously prosecuted this Litigation

through discovery, the retention of experts, and the negotiation of the Settlement Agreement.

The Court finds that Class Counsel is experienced in class actions and has acted in the interest of

Class Members in the prosecution of this Litigation.

5.      The Court further finds that the requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are met in that FCA US allegedly did not provide Class Members instructions on sunroof maintenance as a matter of course, and thus final injunctive relief aimed at remedying the absence of such instructions is appropriate for the Class as a whole.

### Class Notice

6.      The Court finds that notice to the Class is not necessary and will not issue.  The settlement is approved under Rule 23(b)(2).  As the Third Circuit recently held, Rule 23(b)(2) settlements generally provide an "indivisible" injunctive remedy which will "provide relief to all class members equally," and thus procedural protections such a "notice of the action or the opportunity to opt out" are not necessary.  *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316, 328 (3d Cir. 2019).  The relief being provided here is of this nature. No monetary relief is contemplated and only the claims for injunctive relief are being released. Thus, the Court finds that class notice is not required.

### The Relief To The Class

7.      The Court finds that that the following injunctive relief being provided by FCA US to the Class is fair, adequate, and reasonable in exchange for the release being provided by Class Members:

- Including in future Owner Manuals information relative to sunroof maintenance;

- Provision of a one page document to FCA US authorized dealerships indicating that sunroof channels should be periodically cleaned of debris along with a request that each dealership post the document in its customer service or waiting area; and

- A communication to FCA US warranty department(s) reiterating that water-related sunroof issues are covered under the 3 year/36,000 mile Basic Limited Warranty.

## Release By Class Members

8.      Pursuant to the Settlement Agreement, Plaintiff and Class Members hereby forever release and discharge all Claims for injunctive relief related to, and arising out of, any failure by FCA US to provide an instruction or warning related to sunroof maintenance that have been brought, or could have been brought, against FCA US, whether known or unknown, asserted or unasserted, under or pursuant to any statute, regulation, or common law.  Plaintiff and Class Members expressly waive and relinquish the Claims released herein to the fullest extent permitted by law.  The release herein applies even if Plaintiff or Class Members subsequently discover facts in addition to or different from those which they now know or believe to be true. The release shall be effective with respect to all Class Members, but is not intended to, and does not, release claims for personal injury or property damage.

## Objecting To The Settlement

9.      The Court set this case for a final approval hearing on the public docket.  Any Class Member could appear and object at their choosing.  [No such objectors have appeared.] [Objectors appeared and the Court heard the objections about the settlement, but finds them to be without merit and thus overrules them.]

## Attorneys' Fees And Incentive Award

10.      The Court has reviewed and considered the application for attorneys' fees, costs, and an incentive award.  FCA US has agreed to pay these items separately from the injunctive relief being provided to Class Members, and thus the relief to the Class will not be affected

- 4 -

thereby.  The Court hereby awards Class Counsel a) Three Hundred Fifty Thousand Dollars ($350,000.00) for attorneys' fees, and b) One Hundred Twenty-Eight Thousand Eight Hundred Seventy-Three Dollars and Seventy-Nine Cents ($128,873.79) for costs.  In addition, the Court approves the payment of a Four Thousand Dollars ($4,000.00) incentive award by FCA US to Plaintiff.

## Judgment And Retention Of Jurisdiction

11.     Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court hereby enters a judgment of dismissal, with prejudice and without costs, except as specified in this Order.  Consistent with the Settlement Agreement, it is ordered that Class Members are permanently barred from initiating, asserting, or prosecuting against FCA US any and all claims released herein, whether such claims be brought in a federal or state court in the United States or some other tribunal.  Without in any way affecting the finality of this Order, the Court retains jurisdiction over the Parties, including all Class Members, to construe and enforce the Settlement Agreement.  The Court retains jurisdiction to enter any orders necessary or appropriate in implementing the Settlement Agreement, including but not limited to orders enjoining Class Members from prosecuting the claims released herein.

**SO ORDERED.**

Dated:  _____          _____
                                        Hon. Michael A. Shipp
                                        United States District Court Judge

- 5 -

# EXHIBIT "B"

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAVID COX, *et al.*,

               Plaintiffs,

vs.

CHRYSLER GROUP LLC,

               Defendant.

Case No. 3:14-cv-7573 (MAS)(DEA)

Hon. Michael A. Shipp
United States District Judge

**CERTIFICATION OF PLAINTIFF,
ANDREW MANESIS**

I, Andrew Manesis, of full age, certify:

1.    I am the named Plaintiff in this litigation.  As such, I am fully familiar with the facts contained in this Certification.

2.    I purchased a 2014 Jeep Compass 4WD from Dover Dodge Chrysler Jeep on May 28, 2013.  I currently own this vehicle.

3.    The vehicle contains a factory-installed sunroof.

4.    At the time of purchase, the defendant, FCA US LLC, did not provide me with any information that the sunroof may leak or that routine maintenance was required to prevent such leaks.

5.    During my ownership, my Compass has leaked on 4 occasions from the sunroof into the vehicle's interior.

6.    After my sunroof began leaking, I retained the Keefe Law Firm, Poulos LoPiccolo, PC and the Law Offices of Peter C. Lucas as my counsel (collectively, "Counsel").

7.     I have had multiple discussions with Counsel about this Action, including the history and prosecution of this Action, a class representative's duties and responsibilities to the Class, the litigation's status, and the proposed terms and benefits of the Settlement as set forth in the Settlement Agreement.

8.     I personally and carefully reviewed the Settlement Agreement before signing it. Prior to signing, Counsel answered any questions that I had regarding the parties' negotiations or the proposed settlement terms.

9.     As Plaintiff, I assisted Counsel in investigating the claims against the defendant, produced documents regarding the purchase and maintenance of my vehicle, and helped prepare answers to defendant's interrogatories.   I also participated in a deposition and produced my vehicle for inspection.  I also received regular updates from Counsel on the litigation's status.

10.    I understand that, as a Class Representative, I am expected to act in the best interests of the entire Class, even to the detriment of my own interests.   I also understand that, as a class representative, I am not entitled to any additional compensation or other things of value different from what the Class or any Class Member may receive, although Counsel may request the Court award an incentive award to me for my service as class representative up to an amount not exceeding $4,000.00.

11.     Counsel has thoroughly discussed the proposed Settlement with me and I believe it is fair, reasonable and adequate.   In particular, I believe the injunctive benefits provide substantial relief to Class members, and satisfy my complaints that defendant should have notified vehicle owners or lessees about the need to perform routine maintenance on their sunroofs.   My discussions with Counsel occurred before and during the multiple mediation sessions and settlement conferences with the Court.   Based upon these discussions, I voluntarily and without coercion agreed to the proposed Settlement.

12.     I understand that, if litigation had continued, the Court would have decided motions for class certification and summary judgment and that the outcome of these motions may have significantly impacted the litigation for the Class and me.   I also understand that, if the parties had not reached the proposed Settlement, the litigation would have likely continued for several additional years, further delaying notice to Class members about the need for routine maintenance.

13.     I further understand that, had the litigation continued through trial, a jury may have awarded monetary compensation.   Contrarily, I understand that a jury may have awarded minimal or no monetary compensation.

14.     I understand that the proposed Settlement does not involve any monetary compensation, and, that by entering into this Settlement, Class members' claims for personal injuries or property damage are not released.

15.    I also understand that the Settlement provides relief that may not have been available at trial, in particular, placing a sunroof maintenance notice in future, unpublished manuals, providing notice at dealerships about sunroof maintenance and reminding defendant's warranty department(s) that water issues related to sunroofs are covered under defendant's standard warranty.

16.    I have carefully considered the benefits and risks of continued litigation, including (a) the substantial amount of time and resources to be expended in preparing for a lengthy and complicated litigation and trial; (b) motions to dismiss the action before trial; (c) motions to certify or decertify the action as a class action; and (d) appeals by the losing parties for any of the numerous anticipated substantive motions or trial.

17.    Based upon the foregoing, I believe that the proposed Settlement is fair, reasonable and adequate.

18.    I also believe that Class Counsel's proposed Fees and Costs Award is reasonable.   I understand the enormous time, expense and energy expended by Counsel in litigating against the defendant.   I understand the enormous difficulties that my Counsel faced in reaching the proposed Settlement, which took several months to finalize, and the likely hurdles in the litigation, if the parties had not reached this Settlement.  I am also aware that Counsel did not negotiate its proposed Fees and Costs Award until after the parties had reached an agreement-in-principle

on the Settlement and the Class' benefits.   As such, I believe that the Court should grant Counsel's request for fees and costs.

I certify that the statements made by me are true and accurate to the best of my knowledge and belief.  I understand that, if any of these statements are willfully false, I am subject to punishment.

Date:   *10-24-19*

_____
ANDREW MANESIS

# EXHIBIT "C"

## LODESTAR FOR KEEFE LAW FIRM

| Employee | Title | Hours | Rate | Total |
|---|---|---|---|---|
| John E. Keefe, Jr. | Partner | 255.70 | 650 | $166,205.00 |
| Stephen T. Sullivan, Jr. | Partner | 1,428.10 | 500 | $714,050.00 |
|  |  |  |  |  |
| Jessica S. Allen | Counsel | 226.00 | 450 | $101,700.00 |
| Paul DiGiorgio | Counsel | 1,052.40 | 450 | $473,580.00 |
| John E. Keefe, Sr. | Of Counsel | 4.80 | 625 | $3,000.00 |
|  |  |  |  |  |
| Christopher Dize | Associate | 40.20 | 350 | $14,070.00 |
| Joshua S. Kincannon | Associate | 274.70 | 425 | $116,747.50 |
| Liana M. Nobile | Associate | 111.40 | 350 | $38,990.00 |
|  |  |  |  |  |
|  |  |  |  |  |
| **TOTAL HOURS AND FEES** |  | 3,393.30 |  | $1,628,342.50 |

# EXHIBIT "D"

## COSTS FOR KEEFE LAW FIRM

| COSTS | AMOUNT |
|---|---|
| | |
| Courier Services and Postage (Jersey Shore Courier, Federal Express, Lawyers Service) | $1248.98 |
| Legal Research and Investigation | $29,267.69 |
| Travel Costs (transportation, parking, meals) | $12,025.22 |
| Expert Costs | $47,919.29 |
| Deposition Costs | $10,279.74 |
| Mediation | $8,371.87 |
| Document and Data Management and Storage | $40,427.86 |
| Vehicle Exemplar Storage | $6,421.00 |
| Photocopying, Printing, Scanning | $1,180.96 |
| Subpoena Services | $59.95 |
| Conference Call Charges | $1,473.83 |
| Court Costs | $599.00 |
| | |
| **TOTAL COSTS** | $159,275.09 |
| | |
| | |

# EXHIBIT "E"

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID COX, et al.                     :
                                      :
                                      :
                                      :
                  Plaintiff(s)        :
                                      :
        vs.                           :    Civil Action No.: 2: 14-7573
                                      :
CHRYSLER GROUP, LLC.                  :
                                      :
                                      :
                                      :
                                      :
                                      :
                  Defendant(s).       :
                                      :
                                      :

**DECLARATION OF JOSEPH LOPICOLO IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND
CLASS REPRESENTATIVE SERVICE AWARDS**

I, Joseph LoPiccolo, declare as follows:

1.      I am a shareholder of the law firm of Poulos LoPiccolo PC, located in
Ocean, New Jersey. I submit this declaration in support of Plaintiffs' Counsel's
application for an award of attorneys' fees in connection with services rendered in
this case, as well as the reimbursement of costs incurred by my firm in connection
with this consumer class action litigation. I have personal knowledge of the matters
set forth herein based upon my active supervision and participation in all material
aspects of the litigation.

1

2.    Poulos LoPiccolo has extensive class action experience. The firm represents individuals in class action cases litigated in the United States.  Poulos LoPiccolo has served as co-lead counsel in numerous class actions involving cases brought on behalf of consumers.

3.    Poulos LoPiccolo PC have served as co-lead counsel for Plaintiffs in this matter.  My firm did so on a wholly contingent basis.

4.    Poulos LoPiccolo's work in this matter included, among other things, (a) performing legal research regarding potential causes of action prior to filing the Complaint in this case, (b) taking a lead role in drafting the Complaint, (c) performing research for and assisting in drafting oppositions to defendant's motions to dismiss, motions for summary judgment and motions to strike Plaintiffs' experts as well as performing research for and assisting in drafting motions for class certification , (d) identifying and monitoring comparable cases involving these or other defendants, (e) participating in preparing and serving discovery on Defendants (f) participating in the review of hundreds of thousands of pages of documents produced by defendants in response to plaintiffs' discovery requests, (g) assisting in drafting Plaintiffs' mediation statement, (h) participating in a day-long mediation and subsequent efforts to resolve this matter, (i) assisting in the preparation of Plaintiffs' motion for an award of attorneys' fees and

reimbursement of expenses to co-lead counsel, and in the preparation of Plaintiffs' motion for final approval of this class action settlement.

5.     The schedule attached as **Exhibit 1** summarizes Poulos LoPiccolo's hours worked in this matter, indicating the amount of time spent by each Poulos LoPiccolo attorney and staff member who has been involved in this litigation, and the lodestar calculation based on my firm's current billing rates.  For persons who are no longer employed by Poulos LoPiccolo, the lodestar calculation is based upon the billing rate for that person in his or her final year of employment by Poulos LoPiccolo. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court for review *in camera*.[1]

6.     The hourly rates for the personnel included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been used in the lodestar cross-check accepted by courts in other class litigation.

7.     As of October 24, 2019, the total number of hours expended on this litigation by Poulos LoPiccolo is 1,025.7 hours. The total lodestar based on Poulos LoPiccolo's rates as described above is $656,100.

---

[1] These records may include information concerning privileged and/or confidential attorney-client communications or work product.

3

8.     My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Cost items are billed separately and such charges are not duplicated in Poulos LoPiccolo's billing rates.

9.     I am familiar with the range of hourly rates typically charged by plaintiffs' class action counsel in the District of New Jersey, both on a current basis and historically. From that basis I am able to conclude that the rates charged by my firm are commensurate with those prevailing in the market for such legal services furnished in complex litigation such as this.

10.     As detailed in Exhibit 1, Poulos LoPiccolo has incurred a total of $44,529.34 in un-reimbursed costs in connection with the prosecution of this litigation.  Those costs are reflected on the books and records of my firm, which are available at the request of the Court. These books and records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the costs as charged by the vendors. Third-party costs are not marked up. Upon request, we will provide the Court with copies of documentation for each of the costs itemized above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of October, 2019.

_____

Joseph LoPiccolo

# EXHIBIT 1

# EXHIBIT 1

## LODESTAR FOR POULOS LOPICCOLO PC

| Employee | Title | Hours | Rate | Total |
|---|---|---|---|---|
| John Poulos. | Partner | 141.4 | 650 | $91,910.00 |
| Joseph LoPiccolo | Partner | 854 | 650 | $555,100.00 |
| | | | | |
| Yessenia Rodriguez | Associate | 30.3. | 300 | $9,090.00 |
| | | | | |
| | | | | |
| **TOTAL HOURS AND FEES** | | 1,025.7 | | $656,100 |

## COSTS FOR POULOS LOPICCOLO PC

| Expense type | Amount |
|---|---|
| Litigation Fund | $  38,000.00 |
| Filing and Service Fees | $    1,608.63 |
| Westlaw/Pacer | $    3,325.40 |
| Travel Expenses | $    1,272.06 |
| Meals | $       170.00 |
| Copy/Printing | $       153.25 |
| | |
| **TOTALS** | $ 44,529.34 |

# EXHIBIT "F"

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DAVID COX, et al.** | Case No. 3:14-cv-7573 (MAS) (DEA) |
| **Plaintiff(s)** | |
| **vs.** | |
| | **CERTIFICATION OF PETER C.** |
| **CHRYSLER GROUP, LLC.** | **LUCAS IN SUPPORT OF AWARD OF** |
| | **ATTORNEYS' FEES AND COSTS** |
| | |
| **Defendant(s)** | |

I, PETER C. LUCAS, of full age, hereby declare and certify as follows:

1.     I am an Attorney-at-Law of the State of New Jersey and a member of the Law Offices of Peter C. Lucas, LLC, Co-Class Counsel in the within action. As such, I make this Certification in support of my application for attorney's fees and costs in connection with the within matter.

2.     Attached hereto as Exhibit "A" is a chart outlining the employees of my firm, hours worked and rates for the above matter. The chart also outlines the costs expended in the prosecution of the within matter.

3.     I have been practicing law since 1991. I graduated Rutgers College in 1988 and Syracuse University College of Law in 1991. I am also a former President of the Monmouth Bar Association and long-time Trustee of the Association. I am certified by the Supreme Court of New Jersey as a Civil Trial

Attorney. Given my experience and background, I submit my hourly rate and that of my partners and associates are fair and reasonable for an attorney with similar credentials.

4.      I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.


/s/ Peter C. Lucas
PETER C. LUCAS

Dated: October 24, 2019

2

# EXHIBIT "A"

### LODESTAR FOR LUCAS LAW FIRM

| Employee | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Peter C. Lucas | Partner | 682.99 | 650 | $443,943.50 |
| Lourdes Lucas | Partner | 3.10 | 650 | $2,015.00 |
| | | | | |
| Anna Buontempo | Associate | 17.10 | 450 | $7,695.00 |
| Jessica Strugibenetti | Associate | 69.40 | 450 | $31,230.00 |
| Kristen Potter | Associate | 51.90 | 450 | $23,355.00 |
| Peter Doyle | Associate | 99.55 | 450 | $44,797.50 |
| Nicole Crismale | Associate | 36.90 | 450 | $16,605.00 |
| | | | | |
| **TOTAL HOURS AND FEES** | | 960.94 | | $569,641.00 |

### COSTS FOR LUCAS LAW FIRM

| COSTS | AMOUNT |
|---|---|
| | |
| Common Litigation Cost Fund | $38,000.00 |
| Costs -Mediation, St. Louis | $1,453.22 |
| | |
| **TOTAL COSTS** | $39,453.22 |
| | |
| | |

# EXHIBIT "G"



## About the Firm

With offices throughout New Jersey in Red Bank, Newark, and New Brunswick, the Keefe Law Firm aggressively pursues maximum recovery in plaintiffs' litigation including products liability, personal injury, general negligence, class actions, environmental pollution, and employment and consumer fraud. This geographic diversity assures immediate access to all Federal and State Courts and various business centers throughout New Jersey, New York, and Pennsylvania.

The Keefe Law Firm has substantial experience, skill and competency in dealing with class actions and complex civil litigation. Its attorneys have handled numerous mass tort and class matters including Rezulin, Diet-Drug, Breast Implant, Vioxx and Asbestos litigation. John E. Keefe, Jr., a managing partner and Certified Civil Trial Attorney, was appointed plaintiffs' co-lead counsel in the historic consumer fraud national class action, *Talalai v. Cooper Tire & Rubber Co.*, the settlement of which is valued at between one billion ($1,000,000,000) and three billion ($3,000,000,000) dollars to consumers. The Keefe Law Firm has been involved in numerous mass tort litigation matters in recent years including asbestos/mesothelioma, defective medical device, diet drug, breast implant, Propulsid® and Rezulin®. The firm also has been appointed lead counsel or liaison counsel on numerous matters over the past ten years, including *Chaudhri v. Osram Sylvania, Inc.*, 11-5504 (D.N.J.); *Ervins v. United Teletech Federal Financial Credit Union*, MID-L-5477-12, *Frank K. Cooper Real Estate #1, Inc. v. Cendant Corp.*, MRS-L-377-02, *In re Royal Dutch/Shell Transport Securities Litig.*, 04-374 (D. N.J.), *In Re Sears, Roebuck & Co. Sec. Litig.*, 02-7527 (N.D. Ill.), *In re Vonage Initial Public Offering (IPO) Sec. Litig.*, 07-177 (D. N.J.), *Janes v. Ciba-Geigy Corp.*, MID-L-1669-01 MT, *Talalai v. Cooper Tire & Rubber Co.*, MID-L-8830-00-MT, and *Wrobel v. Sears, Roebuck & Co.*, 2-CH-23058 (Ch. Div. Ill).

The Keefe Law Firm understands our client's costs of injuries, including medical expenses, lost wages, and long term care needs, as well as the disruption to emotional and physical well-being. That's why we work hard to recover compensation from the insurance companies that back the individuals or company whose negligence has resulted in an injury to our client. At the Keefe Law Firm, you can expect responsive service, dedicated advocacy, and a commitment to the best results possible for our clients.

## OFFICE LOCATIONS

| | | |
|---|---|---|
| 170 Monmouth Street | 57 Paterson Street | 76 Ferry Street |
| Red Bank, New Jersey 07701 | New Brunswick, NJ 08901 | Newark, New Jersey 07105 |
| Tel: 732-244-9400 | Tel: 732-253-7870 | Tel: 732-274-0408 |
| Fax: 732-224-9400 | Fax: 732-253-7872 | Fax: 732-274-0409 |



<u>Attorney Profiles</u>

**John E. Keefe, Jr.**

**Certified Civil Trial Attorney**

John E. Keefe, Jr. a Certified Civil Trial Attorney, has devoted much of his time to civil trial practice in Middlesex, Monmouth Essex and Ocean Counties, specializing in negligence and product liability as well as complex mass tort and class action litigation. John was admitted to the New Jersey bar in 1990.

Having founded the Keefe Law Firm in 1996, John, the firm's managing partner leads the plaintiffs' personal injury, mass tort litigation and complex litigation department. He has tried numerous matters to verdict and prosecuted hundreds of cases on behalf of victims of catastrophic loss. He has been appointed by the Superior Court as plaintiffs liaison counsel in an historic consumer fraud national class action, *Talalai v. Cooper Tire & Rubber Co.* (Docket No.: MID-L-8830-00-MT ) the settlement of which is valued at between one billion ($1,000,000,000) and three billion ($3,000,000,000) dollars to consumers. John was lead counsel on behalf of plaintiffs in one of the largest pollution cases in New Jersey, *Janes v. Ciba Geigy Corporation* (Docket No.: MID-L-1669-01-MT). John served as local counsel in the securities class action litigation, *In Re Sears, Roebuck & Co.* Securities Litigation (Docket No. 02-C-07527) which resulted in a two hundred and fifteen million dollar ($215,000,000) cash settlement.

Also, John served as liaison counsel in *In Re Royal Dutch/Shell Transport Securities Litigation* - (Civil Action No.: 04-374 (JWB)) before Judge Joel Pisano and the *Hormone Replacement Therapy Litigation* (Docket No.: ATL-2093-04 MT) before Judge Carol E. Higbee. He has also served as Co-Counsel in a national consumer fraud class settlement in Chicago, Illinois on behalf of thousands of consumers nationwide. Additional matters John has handled include: motor vehicle wrongful death, product liability, disfigurement, total disability, premises liability, burn injuries, worksite OSHA violations, multiple trauma, hospital negligence wrongful death and long term care negligence involving burns and wrongful death.

AV rated by Martindale-Hubbell, John earned his B.A. degree from Gettysburg College in 1987 and his Juris Doctor degree at Seton Hall University School of Law in 1990. He is admitted to the Bar of the State of New Jersey, U.S. District Court, District of New Jersey and the U.S. District Court, Northern District of Florida, and Washington D.C. John is also the First Vice President for the New Jersey State Bar Association.



# KEEFE LAW FIRM

Attorney Profiles

**Stephen T. Sullivan, Jr.**

**Partner**

Stephen graduated *magna cum laude* from Trenton State College with a Bachelor of Arts Degree in Political Science and *cum laude* from Villanova University School of Law. At Villanova, he was a member of the Moot Court Board and the *Villanova Law Review*.

Stephen was admitted to the New Jersey and the District Court of New Jersey Bars in 1997. He was admitted to the Pennsylvania Bar in 2000 and the Third Circuit Court of Appeals in 2011. He is a member of the Middlesex County and New Jersey State Bar Associations. He serves on the Class Action Committee for the New Jersey State Bar Association.

Upon graduation from law school, Stephen served as a judicial law clerk to the Honorable Marina Corodemus, J.S.C. in the Superior Court, Middlesex County. During his clerkship, he assisted Judge Corodemus in the centralized management of mass tort and toxic tort litigation, including tobacco, diet drugs, and breast implants. Additionally, he worked on several national class actions, including the Tobacco, Phen-Fen and Norplant Contraceptive litigations.

Since joining the Keefe Law Firm, Stephen has worked on numerous state and national class actions, including: *Carton v. Choice Point, Inc.*, No. 05-5489 (D. N.J.); *Chaudhri v. Osram Sylvania, Inc.*, 11-5504 (D. N.J.); *Eisele v. Sunrise at Jefferson*, MRS-L-2045-06; *Ervins v. United Teletech Federal Financial Credit Union*, MID-L-5477-12; *Frank K. Cooper Real Estate #1, Inc. v. Cendant Corp.*, MRS-L-377-02; *In re Royal Dutch/Shell Transport Securities Litig.*, 04-374 (D. N.J.); *In re Sears, Roebuck & Co. Securities Litigation* 02-C-07527 (N.D. Ill.); *In re Vonage Initial Public Offering (IPO) Sec. Litig.*, 07-177 (D. N.J.); *Janes v. Ciba-Geigy Corp.*, MID-L-1669-01 MT; *Local 68 v. AstraZeneca*, MON-L-3136-05; *Talalai v. Cooper Tire & Rubber Co.*, MID-L-8830-00-MT; and *Wrobel v. Sears, Roebuck & Co.*, 2-CH-23058 (Ch. Div. Ill).



# KEEFE LAW FIRM

<u>Attorney Profiles</u>

**John E. Keefe, Sr.**

**Of Counsel**

Judge Keefe graduated from Rutgers University in 1962 and from Rutgers University School of Law, Newark, in 1965. Appointed to the bench in 1977, Judge Keefe's judicial career spanned nearly twenty-five years. He retired in 2001 from his position as a Presiding Judge of the Appellate Division of the New Jersey Superior Court where he served for thirteen years. He is now of counsel to the Keefe Law Firm in Red Bank, New Jersey.

Prior to this appointment to the bench, Judge Keefe was a civil trial attorney. His trial practice involved various areas of law, including medical malpractice, product liability and insurance. Shortly after becoming a judge, he was designated to supervise and administer a pilot project involving statewide asbestos litigation. As a result of that designation, he was responsible for the appointment of the first full-time Special Master in New Jersey, and developed uniform discovery procedures that were recognized on a national level. In 1984, he was appointed to the position of Presiding Judge of the General Equity Part. He served in that capacity and as Asbestos judge until he was appointed to the Appellate Division in July 1988. During his tenure in the Superior Court, Judge Keefe also served on several committees and chaired the Committee on Model Civil Charges and Complex Case Management.

In addition to his judicial service, Judge Keefe has been a frequent lecturer at the Institute for Continuing Legal Education, the New Jersey Bar Association, and the Trial Attorneys of New Jersey. In June 2001, he received the Institute for Continuing Legal Education's Distinguished Service Award; in 2003, he was a recipient of the James McLaughlin Professionalism Award from the Civil Trial Bar Section of the New Jersey State Bar Association; and in 2005, he received the Daniel L. Golden Lifetime Achievement Award from the Trial Attorneys of New Jersey. Judge Keefe served as an Adjunct Professor of Law at Seton Hall University School of Law for 15 years. He is a member of the American Law Institute and participated in its Consultative Group during the formation of the Restatement (Third) of Torts: Product Liability. Along with Hon. William A. Drier and Eric D. Katz, Judge Keefe is an author of New Jersey Products Liability & Toxic Tort Law published by Gann Law Books.

In addition to his of counsel duties to the firm, Judge Keefe focuses his practice on mediation, arbitration, complex case management, special master services, and consultation in connection with complex litigation.



# KEEFE LAW FIRM

<u>Attorney Profiles</u>

**Paul DiGiorgio**

**Counsel**

Paul DiGiorgio is a seasoned lawyer with extensive civil litigation experience, in addition to having held in-house counsel and other, non-legal, positions in private business.

After obtaining his B.S. in Engineering from Cornell University in 1987, Paul worked on Wall Street for a brief time, and then in the telecommunications industry: first as a product manager and then as a sales systems consultant. Paul then attended Seton Hall University School of Law, and received his J.D. in 1993. After serving as judicial law clerk to the Honorable J. Norris Harding, J.S.C in the Superior Court, Middlesex County, Paul entered the practice of law in the areas of civil defense and commercial litigation.

In 1998, Paul accepted a Corporate Counsel position with an emerging technical support company in South Florida – where he also served as Director of Human Resources to over 5,000 employees and Director of Security. After an acquisition, Paul rose to U.S. Vice President of Human Capital Resources Management for the largest customer relationship management company in the world. These positions provided Paul with a broad range of practical experience in a diverse spectrum of legal areas, including: employment law, compliance, drafting and negotiating contracts and employee compensation plans, and risk management. Paul has also owned and managed a golf course.

Since joining the Keefe Law Firm in 2011, Paul has been focused on developing and executing strategies for new business development and managing all class action discovery projects for the firm. He has litigated and provided vendor management, data analysis and other support in server large and successful consumer fraud class action lawsuits and settlements.

# EXHIBIT "H"



**POULOS**
**LOPICCOLO**
ATTORNEYS AT LAW

**A Professional Corporation**
John N. Poulos* • poulos@pllawfirm.com
Joseph LoPiccolo* • lopiccolo@pllawfirm.com
*NJ & NY Bar

Poulos LoPiccolo PC
1305 South Roller Road
Ocean, NJ 07712

t. 800.757.2304
o. 732.757.0165
f. 732.358.0180

www.pllawfirm.com

## FIRM BIOGRAPHY

Poulos LoPiccolo PC is a litigation law firm located in New Jersey and New York that has extensive experience in representing clients in class actions and complex litigation. Formed in September 2011, Poulos LoPiccolo is a law firm that has its roots from the nationally recognized and A-rated firm of Hughes Hubbard & Reed LLP where the founders of Poulos LoPiccolo practiced for over a combined 18 years.

The Firm's practice is diverse for a firm of its size which involves the Firm's lawyers in challenging, cutting edge issues. The Firm has extensive experience in the areas of class actions, complex litigation, consumer protection, mass torts, personal injury, products liability and real estate transactions. It is the Firm's mission to consistently exceed its clients' expectations by giving each of them its undivided attention and by coming up with creative, efficient and effective solutions to their problems.

With its depth of experience and aggressive advocacy skills, the Firm has taken on some of the most complex problems facing any business or individual, including:

**Representative Matters:**

*Ardino, et. al. v. RetroFitness LLC., et. Al.* ("Retro"), *et al.* – Certified as Co-Lead Counsel in class action filed against Defendants on behalf of New Jersey residents who, during the proposed class period, entered into a Membership Agreement with Retro for use at a New Jersey location that was the same as or substantially similar to the Membership Agreements used in the Plaintiffs' transactions. It is alleged that the Membership Agreements violate, *inter alia*, the New Jersey Consumer Fraud Act and Truth-in-consumer Contract Warranty and Notice At ("TCCWNA");

*Caruso, et al v. Work Out World ("WOW"), et al.,* MID-L-3112-13 – Class action filed against Defendants on behalf of all current New Jersey residents who, during the proposed class period, entered into a Membership Agreement. It was alleged that the Membership Agreements violate, *inter alia*, the New Jersey Consumer Fraud Act and Truth-in-consumer Contract Warranty and Notice At ("TCCWNA"). Final approval of a class action settlement valued at $7 million was ordered on December 22, 2014. Over 57,000 class members each received a check in the amount of $49.98 and two 30-day VIP memberships to any WOW gym. Poulos LoPiccolo PC and The Wolf Law Firm were Certified as Co-Lead Class Counsel;

*Cox et al. v. Chrysler Group, LLC (n/k/a FCA US LLC),* 14-cv-7573 (MAS)(DEA), United States District Court for the District of New Jersey – Class action filed on behalf of all purchasers of Chrysler vehicles that have defective sunroofs causing water to leak inside and damage their vehicles;

*Kuzian et al. v. Electrolux Home Products, Inc.,* 12-cv-3930-(NHL)(AMD), United States District Court for the District of New Jersey – Certified as Co-Lead Counsel in class action filed on behalf of all purchasers of Electrolux and Frigidaire refrigerators that have among other defects, defective icemakers. This class action involves over 100,000 individuals. Class action settled with a settlement valued at over $20 Million;

*Logan v. Club Metro USA, LLC, et al.,* MID-L-3877 – Class action filed against Defendants on behalf of all current New Jersey residents who, during the proposed class period, entered into a Membership Agreement. It is alleged that the Membership Agreements violate, *inter alia*, the New Jersey Consumer Fraud Act and Truth-in-consumer Contract Warranty and Notice At ("TCCWNA") by providing for perpetually renewing monthly memberships upon expiration of the initial term;

*In Re: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation,* MDL No. 2627 – United States District Court for the Eastern District of Virginia – Numerous class actions filed against Lumber Liquidators alleging, among other causes of action, consumer fraud related to Lumber Liquidators selling laminate wood flooring containing formaldehyde levels above the legal limit despite packaging expressly stating the flooring complied with US formaldehyde standards.

*In Re MF Global Inc.,* 11-cv-2790-MG-SIPA, United States Bankruptcy Court for the Southern District of New York – Successfully represented

customers in the MF Global liquidation where each customer's claim was 100% allowed and the clients received 72% of their pre-petition misdirected wire funds within a 60 day period;

*In Re: Mirena Liability Litigation, Case No. 297* – Representation of plaintiffs against Bayer Healthcare Pharmaceuticals, Inc. alleging that the Mirena IUD migrated and/or perforated the plaintiffs' uterus causing severe injuries;

*Rito v. Castella Imports, Inc. et al.*, 15-civ-8395 (GBD) – United States District Court for the Southern District of New York. Class action filed on behalf of all purchasers of olive oil sold by Castella Imports that were falsely labeled as "Extra Virgin Olive Oil";

*Smerling, et. al. v. Medispa of Shrewsbury, et. al.*, MID-L-6340-13 – Class action on behalf of all current New Jersey residents who purchased a Groupon voucher for laser hair removal services. It is alleged that Defendant engaged in a bait and switch scheme in violation of the New Jersey Consumer Fraud Act and Truth-in-consumer Contract Warranty and Notice At ("TCCWNA") when it would not honor the vouchers unless Plaintiffs paid an additional fee. Poulos LoPiccolo PC certified as Class Counsel.

*In Re Transvaginal Mesh Litigation* – Representing plaintiffs in both the Federal MDL and the New Jersey coordination related to alleged defects in the mesh products which are intended to provide support for prolapsed pelvic organs and/or the urethra when a woman's supporting muscles and tissue have been weakened due to age and other causes. Plaintiffs here seek damages for alleged injuries suffered by individuals who used pelvic mesh products designed, manufactured, marketed and sold by the defendant corporations;

*Vitale v. US Gas & Electric, Inc.*, 14-cv-04464 (KM)(MAH), United States District Court for the District of New Jersey - Class action filed on behalf of individuals and businesses in New Jersey and 10 other states and Washington D.C. alleging that USGE misrepresented and failed to disclose material facts regarding the true nature of USGE's pricing for its gas and electric services. Motion for Preliminary Approval of Class Action Settlement currently pending.

Enclosed herewith are the personal resumes of John N. Poulos and Joseph LoPiccolo, Shareholders and Co-founders of Poulos LoPiccolo PC. More detail about the firm and its attorneys appear on its website, www.pllawfirm.com.

# JOHN N. POULOS

1305 South Roller Rd.
Ocean NJ 07712
*email:* poulos@pllawfirm.com
Phone: (732) 757-0165

## EDUCATION

**BROOKLYN LAW SCHOOL,**                                  Brooklyn, New York
Juris Doctor, June 2001
*Awards:*      Richardson Merit Scholarship
             CALI Excellence for the Future Award in Insurance Law

**TULANE LAW SCHOOL**                                    Crete, Greece
Summer Abroad Program, Summer 1998

**NEW YORK UNIVERSITY**                                  New York, New York
Bachelor of Arts (major politics, minor philosophy), May 1997
*Awards*:      CAS Merit Scholarship

## PROFESSIONAL EXPERIENCE

**POULOS LOPICCOLO PC**
Co-Founder                                               August 2011 - Present

  Represents clients in complex litigations and class actions in state and federal courts. Serving in lead counsel roles in numerous state and national class actions and individual cases on behalf of hundreds of thousands of consumers related to a variety of products and services. Represents banks and clients in real estate transactions and litigations.

*Representative Matters*
- *Kuzian et al. v. Electrolux Home Products, Inc.,* 12-cv-3930-(NHL)(AMD), United States District Court for the District of New Jersey – Co-Lead Class Counsel in Class action filed on behalf of all purchasers of Electrolux and Frigidaire refrigerators that have among other defects, defective icemakers. Final approval granted and settlement valued at over $20 MM;
- *Caruso, et al v. Work Out World ("WOW"), et al.,* MID-L-3112-13 – Co-Lead Class Counsel representing plaintiffs in class action filed on behalf of all current New Jersey residents who, during the proposed class period, entered into a Membership Agreement. Final approval granted and settlement for over 57,000 class members valued at over $8 MM;
- *Ardino, et. al. v. RetroFitness LLC., et. Al.* ("Retro"), *et al.* – Certified as co-lead counsel against Defendants on behalf of New Jersey residents who, during the proposed class period, entered into a Membership Agreement with Retro for use at a New Jersey location that was the same as or substantially similar to the Membership Agreements used in the Plaintiffs' transactions. It is alleged that the Membership Agreements violate, *inter alia,* the New Jersey Consumer Fraud Act and Truth-in-consumer Contract Warranty and Notice At ("TCCWNA").
- *In Re Transvaginal Mesh Litigation* – Representing plaintiffs in both the federal and state courts related to alleged defects in the mesh products which are intended to provide support for prolapsed pelvic organs and/or the urethra when a woman's supporting muscles and tissue have been weakened due to age and other causes;
- *Cox et al. v. Chrysler Group, LLC (n/k/a FCA US LLC),* 14-cv-7573 (MAS)(DEA), United States District Court for the District of New Jersey – Representing plaintiffs in class action filed on behalf of all purchasers of Chrysler vehicles that have defective sunroofs

causing water to leak inside and damage their vehicles;

- *In Re Mirena Liability Litigation, Case No. 297* – Representation of plaintiffs against Bayer Healthcare Pharmaceuticals, Inc. alleging that the Mirena IUD migrated and/or perforated the plaintiffs' uterus causing severe injuries;
- *Vitale v. US Gas & Electric, Inc.*, 14-cv-04464 (KM)(MAH), United States District Court for the District of New Jersey -  Class action filed on behalf of individuals and businesses in New Jersey and 10 other states and Washington D.C. alleging that USGE misrepresented and failed to disclose material facts regarding the true nature of USGE's pricing for its gas and electric services.  Motion for Preliminary Approval of Class Action Settlement pending.
- *Smerling v. Medispa* - Representing plaintiffs in class action filed on behalf of all current New Jersey residents who, during the proposed class period, purchased the same or a substantially similar Groupon voucher to the one purchased by Ms. Smerling.
- *Logan v Club Metro* - MID-L-3877 – Class action filed against Defendants on behalf of all current New Jersey residents who, during the proposed class period, entered into a Membership Agreement.  It is alleged that the Membership Agreements violate, *inter alia*, the New Jersey Consumer Fraud Act and Truth-in-consumer Contract Warranty and Notice At ("TCCWNA") by providing for perpetually renewing monthly memberships upon expiration of the initial term.
- *First Republic Bank and Webster Bank*– Represents bank in CEMAs, EMAs, refinances and purchaser closings.  Reviews offering plans and provides recommendation for lending.

## HUGHES HUBBARD & REED LLP

Paralegal/Managing Attorney Clerk,                                      April 1997 - May 2000

Associate                                                                              Sept. 2001– August 2011

*In re Lehman Brothers Inc.*                                                 Sept. 2008 – August 2011

Customer Receivables Team - Represented the SIPA Trustee as the head of customer receivables team.  Responsibilities included closing out customer securities positions and failed/unsettled trades in DVP/RVP accounts, in-the-money and expired option trades, and unwinding of various derivatives products.  Negotiate settlements of customer receivables and unwinds, resulting in the close out of over $60MM.

Claims Team - Represented SIPA Trustee in claims administration and litigation arising out of Lehman Brothers Inc. SIPA Liquidation.  Responsibilities included analyzing and determining thousands of customer claims related to long and short securities positions, options, To-Be-Announced ("TBA") contracts, swaps, FX, and repurchase agreements ("Repo").  Analyzed legal issues related to certain Securities Investor Protection Act ("SIPA"), Securities Exchange Act of 1934, and Self Regulatory Organizations rules such as Chicago Mercantile Exchange and FINRA.

*In re Vioxx Litigation and In re Fosamax Litigation for Merck & Co., Inc.*  October 2001 - August 2008

Member of Affirmative Discovery Team - Drafted pleadings, motions, affirmative discovery requests, prepared deposition outlines, and conducted depositions.  Performed and analyzed legal

research related to the Code of Federal Regulations and numerous litigation issues.  Responsible for management and oversight of local counsel in various jurisdictions across the United States.

*Construction Arbitration and Litigation*                                    May 2006 - September 2008

Represented general contractors in connection with contract disputes, prepared and filed mechanics and construction liens, negotiated settlements in excess of $10 MM.

*Class Action Defense*                                                                          2005

*Eusini v. Pioneer Electronics USA* – Fended off class action against Pioneer involving its DVD players.  The suit was among six parallel putative class actions filed in five states.  The New Jersey Superior Court, Judge Waugh, granted Pioneer's motion for summary judgment.  Member of team preparing summary judgment motion and attending court.

## BAR AND COURT ADMISSIONS

Supreme Court of the United States, 2012
New Jersey, 2001
New York, 2002
U.S. District Court Southern District of New York
U.S. District Court Eastern District of New York
U.S. District Court District of New Jersey

## SPECIAL APPOINTMENTS

Contract Arbitrator, Monmouth County Superior Court                August 2012- Present
Appointed by Hon. David Bauman

## AWARDS & HONORS

Selected Lead Counsel, Consumer Protection, 2013-2016
Selected Lead Counsel, Family Law, 2013
Selected, *Super Lawyers* magazine's "Rising Stars", 2009 – 2010

## BAR MEMBERSHIP AND ACTIVITIES

Member, Monmouth County Bar
Appointed, Special Civil Part Team Member
Appointed, Bylaws Committee Member
Appointed, Civil Litigation Team member

# Joseph LoPiccolo

**1305 South Roller Rd · Ocean, New Jersey 07712**

**(732) 757-0165 · lopiccolo@pllawfirm.com**

## EDUCATION

**ST. JOHN'S UNIVERSITY SCHOOL OF LAW,** Jamaica, New York
Juris Doctor, *cum laude,* June 2003
**Honors**:       Articles & Notes Editor, American Bankruptcy Institute Law Review
               Dean's List (4 semesters)
**Activities:**   Justinian Society

**TOWSON UNIVERSITY,** Towson, Maryland
Bachelor of Science, *magna cum laude,* Sport Management/Business Administration, May 2000
**Honors**:       Dean's List (5 semesters); Rudy Lamonica Memorial Scholarship; Robert
               Charette Academic Scholarship; Golden Key National Honor Society
**Activities:**   Kappa Sigma Fraternity: Athletic Chairperson; Interfraternity Council, Executive
               Board: Vice President of Programming

## EXPERIENCE

**POULOS LOPICCOLO PC,** Ocean, New Jersey
*Shareholder/Owner*                                          **September 2011 - Present**
Represents clients in complex litigations, class actions and personal injury cases in state and
federal courts.  Serving in lead counsel roles in numerous state and national class actions and
individual cases on behalf of hundreds of thousands of consumers related to a variety of products
and services.

*Highlighted Matters*
- *Cox et al. v. Chrysler Group, LLC (n/k/a FCA US LLC),* 14-cv-7573 (MAS)(DEA),
  United States District Court for the District of New Jersey – Representing plaintiffs in
  class action filed on behalf of all purchasers of Chrysler vehicles that have defective
  sunroofs causing water to leak inside and damage their vehicles;
- *Kuzian et al. v. Electrolux Home Products, Inc.,* 12-cv-3930-(NHL)(AMD), United States
  District Court for the District of New Jersey – Certified as Co-Lead Class Counsel in
  Class action filed on behalf of all purchasers of Electrolux and Frigidaire refrigerators
  that have among other defects, defective icemakers.  Class action was successfully
  resolved with settlement valued at $20 Million for a class size of over 100,000;
- *Caruso, et al v. Work Out World ("WOW"), et al.,* MID-L-3112-13 – Class action filed
  against Defendants on behalf of all current New Jersey residents who, during the
  proposed class period, entered into a Membership Agreement.  It was alleged that the
  Membership Agreements violate, *inter alia,* the New Jersey Consumer Fraud Act and
  Truth-in-consumer Contract Warranty and Notice At ("TCCWNA").  Final approval of a
  class action settlement valued at $7 million was ordered on December 22, 2014.  Over
  57,000 class members each received a check in the amount of $49.98 and two 30-day
  VIP memberships to any WOW gym.  Poulos LoPiccolo PC and The Wolf Law Firm
  were Certified as Co-Lead Class Counsel;
- *In Re Transvaginal Mesh Litigation* – Representing plaintiffs in both the federal and
  state courts related to alleged defects in the mesh products which are intended to provide
  support for prolapsed pelvic organs and/or the urethra when a woman's supporting

muscles and tissue have been weakened due to age and other causes;

- *In Re Mirena Liability Litigation, Case No. 297* – Representation of plaintiffs against Bayer Healthcare Pharmaceuticals, Inc. alleging that the Mirena IUD migrated and/or perforated the plaintiffs' uterus causing severe injuries;
- *Vitale v. US Gas & Electric, Inc.*, 14-cv-04464 (KM)(MAH), United States District Court for the District of New Jersey - Class action filed on behalf of individuals and businesses in New Jersey and 10 other states and Washington D.C. alleging that USGE misrepresented and failed to disclose material facts regarding the true nature of USGE's pricing for its gas and electric services. Motion for Preliminary Approval of Class Action Settlement pending.
- *Ardino, et. al. v. RetroFitness LLC., et. Al.* ("Retro"), *et al.* – Certified as Co- Lead Counsel in class action filed against Defendants on behalf of New Jersey residents who, during the proposed class period, entered into a Membership Agreement with Retro for use at a New Jersey location that was the same as or substantially similar to the Membership Agreements used in the Plaintiffs' transactions. It is alleged that the Membership Agreements violate, *inter alia*, the New Jersey Consumer Fraud Act and Truth-in-consumer Contract Warranty and Notice At ("TCCWNA"). .

**HUGHES HUBBARD AND REED LLP** New York, New York
*Associate*                                                      August 2003 – September 2011
Served in leading roles in numerous complex business litigations.  Such litigations include representing a large pharmaceutical manufacturer company in historical national mass tort action involving the company's popular arthritis drug and representing the SIPA Trustee in the liquidation of Lehman Brother's Inc., the largest broker dealer liquidation in history.  Also, represented one of the largest interior general construction contractors in New York, including obtaining a successful arbitration award of close to $1 million related to the renovation of a NYC community center and successfully defended against numerous mechanics lien foreclosure actions.

**BAR ADMISSIONS**
State of New York, 2004
State of New Jersey, 2013

**COURT ADMISSIONS**
United States District Court for the Eastern District of New York
United States District Court for the Southern District of New York
United States District Court for the District of New Jersey

**AWARDS & HONORS**
*Super Lawyers* "Rising Stars", 2014-2016, New York Metro, Class Actions and Mass Torts
*Super Lawyers* "Rising Stars", 2015-2017, New Jersey, Class Actions and Mass Torts

**PROFESSIONAL ACTIVITIES**
Member, New York County Bar Association
Member, New Jersey Association for Justice
NYCLA Inns of Court
Volunteer, Make-A-Wish Foundation of Metro New York and Western New York

2

# EXHIBIT "I"

# Law Offices of Peter C. Lucas, LLC

725 Carol Avenue
P.O. Box 490
Oakhurst, NJ 07755
Phone: 732-663-9100
Fax: 732-663-0029

# Firm Resume

## Firm Profile

Law Offices of Peter C. Lucas, LLC is a general practice law firm established in 1997. Our lawyers litigate civil matters throughout the state of New Jersey and in state, federal and administrative law courts. We handle cases in commercial litigation, breach of contract, estate litigation, appellate practice, serious personal injury, consumer class actions, and other practice matters.

## Attorney Biographies

### PETER C. LUCAS

Peter Lucas is the Managing Partner of the firm. Mr. Lucas is a New Jersey Supreme Court Board Certified Civil Trial Attorney and has been litigating civil cases for over 25 years. Mr. Lucas handles matters in both Federal and State Courts and specializes in general litigation matters including Personal Injury, Labor and Employment, Commercial and Business matters and other general civil practice matters. As a trial attorney, Mr. Lucas has conducted trials and has handled numerous hearings, arbitrations, mediations, depositions and other discovery proceedings. To earn the designation of Supreme Court Board Certified Civil Trial Attorney, Mr. Lucas has had to demonstrate a substantial level of experience in civil trial law, has been favorably evaluated by other attorneys and judges familiar with his work, has taken and passed a written examination in civil trial law and has had to fulfill ongoing continuing legal education requirements.

Mr. Lucas is a graduate of the Syracuse University College of Law where he served as Editor-in-Chief of the Syracuse University Journal of International Law. Mr. Lucas earned his undergraduate degree in Economics from Rutgers College. Mr. Lucas is a member of the New Jersey and New York Bars and member of the United States Supreme Court Bar. Mr. Lucas is an active member of the Monmouth Bar Association and has served as Trustee for several years and chaired several major sections within the Association. Mr. Lucas was President of the Monmouth Bar Association for the 2013-2014 term.

**Education**
- Syracuse University College of Law (J.D., 1991)
  - Editor-in-Chief, Journal of International Law
- Rutgers University (B.S., 1988)

**Admissions**
- New Jersey
- New York
- U.S. District Court, District of New Jersey
- U.S. District Court, Southern District of New York
- United States Supreme Court

**Awards and Recognitions**
- New Jersey Supreme Court Board Certified Civil Trial Attorney
- President of the Monmouth Bar Association, 2013-14
- New Jersey Super Lawyers

## PETER E. DOYLE

Peter Doyle is a litigation attorney for cases in state and federal courts. He handles commercial and business litigation matters, trusts and estates, construction litigation, and consumer class actions. Prior to the joining the firm, Mr. Doyle was an attorney in the New York State Office of the Attorney General's Investor Protection Bureau, where he investigated and litigated violations of securities laws.

Mr. Doyle is admitted in all state courts in New Jersey and New York, as well as federal courts in the District of New Jersey and the Southern District of New York.

Mr. Doyle graduated cum laude from University of Notre Dame Law School in 2012. He holds an undergraduate degree in Finance with Honors from the University of Maryland.  Mr. Doyle is a member of the Monmouth Bar Association.

**Education**
- University of Notre Dame Law School (J.D., *cum laude*, 2012)
  - Jessup International Law Moot Court Competition Team
- University of Maryland (B.S. with honors, 2009)

**Admissions**
- New Jersey
- New York
- U.S. District Court, District of New Jersey
- U.S. District Court, Southern District of New York

**LOURDES LUCAS**

Lourdes Lucas is a litigation and transactional attorney specializing in Labor and Employment Law and Commercial and Business Law. Other areas of practice include workers compensation matters and Criminal Defense. Prior to entering private practice, Ms. Lucas was an Assistant District Attorney with the New York County District Attorney's Office. Ms. Lucas also served as in-house corporate counsel for a telecommunications company responsible for employee relations, contract and lease review, regulatory issues, and general corporate matters.

Ms. Lucas is a graduate of the Syracuse University College of Law and also holds a Masters Degree in International Relations from the Maxwell School at Syracuse University. She earned her undergraduate degree at Florida International University and is a proud Panther.

Ms. Lucas is a member of the New York, New Jersey and United States Supreme Court Bars. She is also a member of the Monmouth County Bar Association. Ms. Lucas is currently serving as the Municipal Prosecutor for Fair Haven, New Jersey and is the Vice Chair of the District Ethics Committee. Ms. Lucas also serves as a court appointed Contract Arbitrator and is a qualified mediator included in the roster of Court approved mediators. Ms. Lucas is fluent in Spanish.

**Education**
- Syracuse University College of Law (J.D., *cum laude*, 1991)
- Syracuse University, Maxwell School of Citizenship and Public Affairs (M.A., 1991)
- Florida International University (B.S., 1988)

**Admissions**
- New Jersey
- New York
- U.S. District Court, District of New Jersey
- U.S. District Court, Southern District of New York
- United States Supreme Court

# EXHIBIT "J"

**3:14-cv-07573-MAS-DEA** COX et al v. CHRYSLER GROUP, LLC
Michael A. Shipp, presiding
Douglas E. Arpert, referral
**Date filed:** 12/04/2014
**Date of last filing:** 09/13/2019

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed:*<br>*Entered:* | 12/04/2014<br>12/05/2014 | Complaint |
| 2 | *Filed & Entered:* | 12/05/2014 | Summons Issued |
| 3 | *Filed & Entered:* | 12/23/2014 | Order |
| 4 | *Filed & Entered:* | 12/26/2014 | Notice of Appearance |
| 5 | *Filed & Entered:* | 01/13/2015 | Order |
| 6 | *Filed & Entered:* | 01/14/2015 | Notice (Other) |
| 7 | *Filed & Entered:* | 01/14/2015 | Corporate Disclosure Statement (aty) |
|  | *Filed & Entered:* | 01/30/2015 | Set/Reset Motion and R&R Deadlines/Hearings |
| 8 | *Filed & Entered:*<br>*Terminated:* | 01/30/2015<br>09/30/2015 | Motion to Dismiss |
| 9 | *Filed & Entered:*<br>*Terminated:* | 01/30/2015<br>09/30/2015 | Motion to Strike |
| 10 | *Filed & Entered:* | 02/12/2015 | Letter Rule 7.1 |
| 11 | *Filed & Entered:* | 02/12/2015 | Notice of Appearance |
| 12 | *Filed & Entered:* | 02/12/2015 | Notice of Appearance |
|  | *Filed & Entered:* | 02/13/2015 | Set/Reset Motion and R&R Deadlines/Hearings |
| 13 | *Filed & Entered:* | 02/13/2015 | Stipulation |
| 14 | *Filed & Entered:* | 03/02/2015 | Brief in Opposition to Motion |
| 15 | *Filed & Entered:* | 03/02/2015 | Brief in Opposition to Motion |
| 16 | *Filed & Entered:* | 03/09/2015 | Reply Brief to Opposition to Motion |
| 17 | *Filed & Entered:* | 03/09/2015 | Reply Brief to Opposition to Motion |
| 18 | *Filed & Entered:* | 04/13/2015 | Notice of Hearing |
| 19 | *Filed & Entered:* | 04/13/2015 | Order |
|  | *Filed:*<br>*Entered:* | 04/27/2015<br>04/29/2015 | Pro Hac Vice Fee Received |
| 20 | *Filed & Entered:* | 04/30/2015 | Notice of Pro Hac Vice to Receive NEF |
| 21 | *Filed & Entered:* | 04/30/2015 | Notice of Pro Hac Vice to Receive NEF |
| 22 | *Filed & Entered:* | 04/30/2015 | Notice of Pro Hac Vice to Receive NEF |
|  | *Filed & Entered:* | 05/01/2015 | Notice of Pro Hac Vice counsel added |

| | Filed & Entered: | 05/11/2015 | Remark |
|---|---|---|---|
| | Filed:<br>Entered: | 05/12/2015<br>06/01/2015 | Pretrial Conference - Initial |
| 23 | Filed:<br>Entered: | 05/12/2015<br>05/13/2015 | Scheduling Order |
| 24 | Filed & Entered: | 09/10/2015 | Declaration |
| 25 | Filed & Entered: | 09/10/2015 | Discovery Confidentiality Order |
| | Filed & Entered: | 09/14/2015 | Telephone Conference |
| 26 | Filed & Entered: | 09/30/2015 | Opinion |
| 27 | Filed & Entered: | 09/30/2015 | Order on Motion to Dismiss |
| 28 | Filed & Entered: | 10/09/2015 | Order |
| 29 | Filed & Entered: | 10/28/2015 | Answer to Complaint |
| | Filed:<br>Entered: | 12/04/2015<br>12/08/2015 | Telephone Conference |
| 30 | Filed & Entered: | 01/19/2016 | Stipulation of Dismissal (aty) |
| | Filed & Entered: | 01/29/2016 | Set/Reset Motion and R&R Deadlines/Hearings |
| 31 | Filed & Entered:<br>Terminated: | 01/29/2016<br>03/29/2016 | Motion to Quash/Compel/Enforce |
| 32 | Filed & Entered: | 02/19/2016 | Letter |
| | Filed & Entered: | 02/22/2016 | Set/Reset Motion and R&R Deadlines/Hearings |
| 33 | Filed & Entered: | 02/22/2016 | Order |
| 34 | Filed & Entered: | 02/26/2016 | Letter |
| 35 | Filed & Entered: | 02/26/2016 | Letter |
| 36 | Filed & Entered: | 03/01/2016 | Stipulation of Dismissal (aty) |
| | Filed & Entered: | 03/02/2016 | Telephone Conference |
| 37 | Filed & Entered: | 03/10/2016 | Notice (Other) |
| 38 | Filed & Entered: | 03/23/2016 | Letter |
| | Filed & Entered: | 03/24/2016 | Set/Reset Hearings |
| | Filed & Entered: | 03/29/2016 | QC - Incorrect Event Selected |
| 39 | Filed & Entered:<br>Terminated: | 03/29/2016<br>03/29/2016 | Motion to Withdraw |
| | Filed & Entered: | 04/14/2016 | Telephone Conference |
| 40 | Filed & Entered: | 04/15/2016 | Scheduling Order |
| 41 | Filed & Entered: | 04/19/2016 | Order |
| 42 | Filed & Entered: | 05/31/2016 | Order |
| | Filed:<br>Entered: | 06/03/2016<br>06/06/2016 | Pro Hac Vice Fee Received |
| | Filed & Entered: | 06/14/2016 | Notice of Pro Hac Vice counsel added |
| 43 | Filed & Entered: | 06/14/2016 | Notice of Pro Hac Vice to Receive NEF |
| 44 | Filed & Entered: | 07/12/2016 | Letter |

| 45 | Filed & Entered: | 07/12/2016 | 🌐 Letter |
|----|------------------|------------|----------|
|    | Filed & Entered: | 07/13/2016 | 🌐 Telephone Conference |
| 46 | Filed & Entered: | 07/13/2016 | 🌐 Scheduling Order |
| 47 | Filed & Entered: | 08/10/2016 | 🌐 Letter |
| 48 | Filed & Entered: | 08/11/2016 | 🌐 Letter |
|    | Filed & Entered: | 08/15/2016 | 🌐 Set/Reset Motion and R&R Deadlines/Hearings |
| 49 | Filed & Entered:<br>Terminated: | 08/15/2016<br>03/30/2017 | 🌐 Motion for Summary Judgment |
|    | Filed & Entered: | 08/18/2016 | 🌐 Set/Reset Motion and R&R Deadlines/Hearings |
| 50 | Filed & Entered: | 08/18/2016 | 🌐 Letter Rule 7.1 |
| 51 | Filed & Entered: | 08/30/2016 | 🌐 Letter |
| 52 | Filed & Entered: | 08/31/2016 | 🌐 Order |
|    | Filed & Entered: | 09/08/2016 | 🌐 Set/Reset Motion and R&R Deadlines/Hearings |
| 53 | Filed & Entered:<br>Terminated: | 09/08/2016<br>10/05/2017 | 🌐 Motion for Miscellaneous Relief |
|    | Filed & Entered: | 09/09/2016 | 🌐 Set/Reset Motion and R&R Deadlines/Hearings |
| 54 | Filed & Entered: | 09/09/2016 | 🌐 Letter Rule 7.1 |
| 55 | Filed & Entered:<br>Terminated: | 09/19/2016<br>10/04/2016 | 🌐 Motion to Seal |
| 56 | Filed & Entered: | 09/19/2016 | 🌐 Brief in Opposition to Motion |
| 57 | Filed & Entered: | 09/19/2016 | 🌐 Response in Opposition to Motion |
| 58 | Filed & Entered: | 09/19/2016 | 🌐 Brief in Opposition to Motion |
|    | Filed & Entered: | 09/20/2016 | 🌐 Set/Reset Motion and R&R Deadlines/Hearings |
|    | Filed & Entered: | 09/22/2016 | 🌐 Set/Reset Hearings |
|    | Filed & Entered: | 09/26/2016 | 🌐 Remark |
| 59 | Filed & Entered:<br>Terminated: | 09/26/2016<br>01/17/2017 | 🌐 Motion to Seal |
| 60 | Filed & Entered: | 09/26/2016 | 🌐 Reply Brief to Opposition to Motion |
| 61 | Filed & Entered: | 09/26/2016 | 🌐 Reply to Response to Motion |
|    | Filed & Entered: | 09/27/2016 | 🌐 Set/Reset Motion and R&R Deadlines/Hearings |
| 62 | Filed & Entered: | 09/30/2016 | 🌐 Order |
| 63 | Filed & Entered: | 10/03/2016 | 🌐 Letter |
| 64 | Filed & Entered:<br>Terminated: | 10/03/2016<br>10/31/2016 | 🌐 Motion to Seal |
| 65 | Filed & Entered: | 10/03/2016 | 🌐 Brief in Opposition to Motion |
| 66 | Filed & Entered: | 10/03/2016 | 🌐 Brief in Opposition to Motion |
|    | Filed & Entered: | 10/04/2016 | 🌐 Set/Reset Motion and R&R Deadlines/Hearings |
| 67 | Filed & Entered: | 10/04/2016 | 🌐 Order on Motion to Seal |
|    | Filed:<br>Entered: | 10/05/2016<br>10/06/2016 | 🌐 Pro Hac Vice Fee Received |

| 68 | *Filed & Entered:* | 10/05/2016 | Order |
|---|---|---|---|
| 69 | *Filed & Entered:* | 10/05/2016 | Order |
| 70 | *Filed & Entered:* | 10/06/2016 | Reply Brief to Opposition to Motion |
| 71 | *Filed & Entered:* | 10/07/2016 | Telephone Conference |
| 72 | *Filed & Entered:* | 10/07/2016 | Notice of Pro Hac Vice to Receive NEF |
| | *Filed & Entered:* | 10/10/2016 | Notice of Pro Hac Vice counsel added |
| 73 | *Filed & Entered:* | 10/13/2016 | Declaration |
| 74 | *Filed & Entered:* | 10/13/2016 | Declaration |
| 75 | *Filed & Entered:* | 10/13/2016 | Declaration |
| 76 | *Filed & Entered:* | 10/13/2016 | Declaration |
| 77 | *Filed & Entered:* | 10/31/2016 | Order on Motion to Seal |
| 78 | *Filed & Entered:* | 11/22/2016 | Letter |
| 79 | *Filed & Entered:* | 11/28/2016 | Order |
| 80 | *Filed & Entered:* | 12/16/2016 | Order |
| | *Filed:* *Entered:* | 01/11/2017 01/31/2017 | Telephone Conference |
| 81 | *Filed & Entered:* | 01/12/2017 | Letter |
| 82 | *Filed & Entered:* | 01/13/2017 | Order |
| 83 | *Filed & Entered:* | 01/17/2017 | Order on Motion to Seal |
| | *Filed & Entered:* | 03/10/2017 | Set/Reset Motion and R&R Deadlines/Hearings |
| | *Filed & Entered:* | 03/10/2017 | Set/Reset Motion and R&R Deadlines/Hearings |
| 84 | *Filed & Entered:* *Terminated:* | 03/10/2017 10/05/2017 | Motion to Certify Class |
| 85 | *Filed & Entered:* | 03/10/2017 | Brief in Support of Motion |
| 86 | *Filed & Entered:* | 03/10/2017 | Declaration |
| 87 | *Filed & Entered:* *Terminated:* | 03/10/2017 04/06/2017 | Motion to Seal Document |
| 88 | *Filed & Entered:* | 03/10/2017 | Brief in Support of Motion |
| 89 | *Filed & Entered:* | 03/10/2017 | Declaration |
| 90 | *Filed & Entered:* | 03/10/2017 | Exhibit (to Document) |
| 91 | *Filed & Entered:* | 03/13/2017 | Letter |
| 92 | *Filed & Entered:* | 03/30/2017 | Memorandum |
| 93 | *Filed & Entered:* | 03/30/2017 | Order on Motion for Summary Judgment |
| 94 | *Filed & Entered:* | 04/04/2017 | Order on Motion for Miscellaneous Relief |
| 95 | *Filed & Entered:* | 04/06/2017 | Order on Motion to Seal Document |
| | *Filed & Entered:* | 04/07/2017 | Set/Reset Motion and R&R Deadlines/Hearings |
| 96 | *Filed & Entered:* *Terminated:* | 04/07/2017 08/08/2017 | Motion for Reconsideration |
| 97 | *Filed & Entered:* | 04/12/2017 | Letter Rule 7.1 |

| | | Filed & Entered: | 04/13/2017 | Set/Reset Motion and R&R Deadlines/Hearings |
|---|---|---|---|---|
| 98 | | Filed & Entered: | 05/01/2017 | Order |
| 99 | | Filed & Entered: | 05/01/2017 | Brief in Opposition to Motion |
| 100 | | Filed & Entered: | 05/24/2017 | Brief in Opposition to Motion |
| 101 | | Filed & Entered: | 05/24/2017 | Motion to Preclude |
| | | Terminated: | 11/07/2017 | |
| | | Filed & Entered: | 05/25/2017 | Set/Reset Motion and R&R Deadlines/Hearings |
| 102 | | Filed & Entered: | 06/02/2017 | Letter Rule 7.1 |
| | | Filed & Entered: | 06/05/2017 | QC - Incorrect Event Selected |
| 103 | | Filed & Entered: | 06/05/2017 | Letter |
| 104 | | Filed & Entered: | 06/06/2017 | Order |
| | | Filed & Entered: | 06/12/2017 | Telephone Conference |
| 105 | | Filed & Entered: | 06/19/2017 | Brief in Opposition to Motion |
| 106 | | Filed & Entered: | 06/19/2017 | Declaration |
| 107 | | Filed & Entered: | 06/19/2017 | Motion to Seal Document |
| | | Terminated: | 07/05/2017 | |
| 108 | | Filed & Entered: | 06/19/2017 | Brief in Opposition to Motion |
| | | Filed & Entered: | 06/20/2017 | Set/Reset Motion and R&R Deadlines/Hearings |
| 109 | | Filed & Entered: | 06/26/2017 | Reply Brief to Opposition to Motion |
| 110 | | Filed & Entered: | 06/30/2017 | Reply Brief to Opposition to Motion |
| 111 | | Filed & Entered: | 06/30/2017 | Reply Brief to Opposition to Motion |
| 112 | | Filed & Entered: | 06/30/2017 | Motion to Preclude |
| | | Terminated: | 11/07/2017 | |
| 113 | | Filed & Entered: | 06/30/2017 | Brief in Support of Motion |
| 114 | | Filed & Entered: | 06/30/2017 | Brief in Support of Motion |
| 115 | | Filed & Entered: | 06/30/2017 | Declaration |
| 116 | | Filed & Entered: | 06/30/2017 | Declaration |
| 117 | | Filed & Entered: | 06/30/2017 | Motion to Seal Document |
| | | Terminated: | 07/28/2017 | |
| 118 | | Filed & Entered: | 06/30/2017 | Motion to Preclude |
| | | Terminated: | 11/07/2017 | |
| | | Filed & Entered: | 07/05/2017 | Set/Reset Motion and R&R Deadlines/Hearings |
| | | Filed & Entered: | 07/05/2017 | Set/Reset Motion and R&R Deadlines/Hearings |
| | | Filed & Entered: | 07/05/2017 | Set/Reset Motion and R&R Deadlines/Hearings |
| 119 | | Filed & Entered: | 07/05/2017 | Order on Motion to Seal Document |
| 120 | | Filed & Entered: | 07/24/2017 | Brief in Opposition to Motion |
| 121 | | Filed & Entered: | 07/24/2017 | Brief in Opposition to Motion |
| 122 | | Filed & Entered: | 07/24/2017 | Certification in Opposition to Motion |
| 123 | | Filed & Entered: | 07/28/2017 | Order on Motion to Seal Document |

| [124](#) | *Filed & Entered:* | 07/28/2017 | ❸ Reply Brief to Opposition to Motion |
|---|---|---|---|
| [125](#) | *Filed & Entered:* | 07/28/2017 | ❸ Reply Brief to Opposition to Motion |
| [126](#) | *Filed & Entered:* | 07/28/2017 | ❸ Reply Brief to Opposition to Motion |
| [127](#) | *Filed & Entered:*<br>*Terminated:* | 07/28/2017<br>09/07/2017 | ❸ Motion to Seal Document |
|  | *Filed & Entered:* | 07/31/2017 | ❸ Set/Reset Motion and R&R Deadlines/Hearings |
| [128](#) | *Filed:*<br>*Entered:* | 08/08/2017<br>08/09/2017 | ❸ Opinion |
| [129](#) | *Filed:*<br>*Entered:* | 08/08/2017<br>08/09/2017 | ❸ Order on Motion for Reconsideration |
| [130](#) | *Filed & Entered:* | 09/07/2017 | ❸ Order on Motion to Seal Document |
| [131](#) | *Filed & Entered:* | 10/05/2017 | ❸ Memorandum |
| [132](#) | *Filed & Entered:* | 10/05/2017 | ❸ Order on Motion for Miscellaneous Relief |
|  | *Filed & Entered:* | 10/10/2017 | ❸ Notice of Hearing |
| [133](#) | *Filed & Entered:* | 11/07/2017 | ❸ Order on Motion to Preclude |
|  | *Filed & Entered:* | 11/21/2017 | ❸ Set/Reset Motion and R&R Deadlines/Hearings |
|  | *Filed & Entered:* | 11/21/2017 | ❸ Set/Reset Motion and R&R Deadlines/Hearings |
| [134](#) | *Filed & Entered:*<br>*Terminated:* | 11/21/2017<br>06/22/2018 | ❸ Motion to Certify Class |
| [135](#) | *Filed & Entered:* | 11/21/2017 | ❸ Brief in Support of Motion |
| [136](#) | *Filed & Entered:* | 11/21/2017 | ❸ Declaration |
| [137](#) | *Filed & Entered:*<br>*Terminated:* | 11/21/2017<br>11/22/2017 | ❸ Motion to Seal Document |
| [138](#) | *Filed & Entered:* | 11/21/2017 | ❸ Brief in Support of Motion |
| [139](#) | *Filed & Entered:* | 11/21/2017 | ❸ Declaration |
| [140](#) | *Filed & Entered:* | 11/22/2017 | ❸ Order on Motion to Seal Document |
| [141](#) | *Filed & Entered:* | 11/22/2017 | ❸ Order |
|  | *Filed & Entered:* | 01/17/2018 | ❸ Set/Reset Motion and R&R Deadlines/Hearings |
| [142](#) | *Filed & Entered:*<br>*Terminated:* | 01/17/2018<br>06/22/2018 | ❸ Motion to Preclude |
| [143](#) | *Filed & Entered:*<br>*Terminated:* | 01/17/2018<br>06/22/2018 | ❸ Motion to Preclude |
|  | *Filed & Entered:* | 01/22/2018 | ❸ Set/Reset Motion and R&R Deadlines/Hearings |
| [144](#) | *Filed & Entered:*<br>*Terminated:* | 01/22/2018<br>06/22/2018 | ❸ Motion to Preclude |
| [145](#) | *Filed & Entered:* | 01/22/2018 | ❸ Brief in Opposition to Motion |
| [146](#) | *Filed & Entered:* | 01/30/2018 | ❸ Notice (Other) |
|  | *Filed & Entered:* | 02/06/2018 | ❸ Set/Reset Motion and R&R Deadlines/Hearings |
| [147](#) | *Filed & Entered:* | 02/06/2018 | ❸ Brief in Opposition to Motion |
| [148](#) | *Filed & Entered:* | 02/06/2018 | ❸ Brief in Opposition to Motion |

| 149 | *Filed & Entered:* | 02/06/2018 | 🌐 Brief in Opposition to Motion |
|---|---|---|---|
| 150 | *Filed & Entered:* | 02/06/2018 | 🌐 Brief in Opposition to Motion |
| 151 | *Filed & Entered:* | 02/06/2018 | 🌐 Declaration |
| 152 | *Filed & Entered:* | 02/06/2018 | 🌐 Declaration |
| 153 | *Filed & Entered:* | 02/06/2018 | 🌐 Brief in Opposition to Motion |
| 154 | *Filed & Entered:* | 02/06/2018 | 🌐 Brief in Opposition to Motion |
| 155 | *Filed & Entered:* | 02/06/2018 | 🌐 Declaration |
| 156 | *Filed & Entered:* | 02/06/2018 | 🌐 Declaration |
| 157 | *Filed & Entered:*<br>*Terminated:* | 02/06/2018<br>06/06/2018 | 🌐 Motion to Seal Document |
| 158 | *Filed & Entered:* | 02/09/2018 | 🌐 Order |
| 159 | *Filed & Entered:* | 02/20/2018 | 🌐 Reply Brief to Opposition to Motion |
| 160 | *Filed & Entered:* | 02/20/2018 | 🌐 Reply Brief to Opposition to Motion |
| 161 | *Filed & Entered:* | 02/20/2018 | 🌐 Reply Brief to Opposition to Motion |
| 162 | *Filed & Entered:* | 03/01/2018 | 🌐 Reply Brief to Opposition to Motion |
| 163 | *Filed & Entered:* | 03/01/2018 | 🌐 Reply Brief to Opposition to Motion |
| 164 | *Filed & Entered:*<br>*Terminated:* | 03/01/2018<br>06/22/2018 | 🌐 Motion to Preclude |
| 165 | *Filed & Entered:* | 03/01/2018 | 🌐 Brief in Support of Motion |
| 166 | *Filed & Entered:* | 03/01/2018 | 🌐 Brief in Support of Motion |
| 167 | *Filed & Entered:* | 03/01/2018 | 🌐 Declaration |
| 168 | *Filed & Entered:* | 03/01/2018 | 🌐 Declaration |
| 169 | *Filed & Entered:*<br>*Terminated:* | 03/01/2018<br>06/22/2018 | 🌐 Motion to Preclude |
| 170 | *Filed & Entered:*<br>*Terminated:* | 03/01/2018<br>03/26/2018 | 🌐 Motion to Seal |
| | *Filed & Entered:* | 03/02/2018 | 🌐 Set/Reset Motion and R&R Deadlines/Hearings |
| | *Filed & Entered:* | 03/02/2018 | 🌐 Set/Reset Motion and R&R Deadlines/Hearings |
| | *Filed & Entered:* | 03/02/2018 | 🌐 Set/Reset Motion and R&R Deadlines/Hearings |
| 171 | *Filed & Entered:* | 03/06/2018 | 🌐 Brief in Opposition to Motion |
| 172 | *Filed & Entered:* | 03/08/2018 | 🌐 Brief in Opposition to Motion |
| 173 | *Filed & Entered:* | 03/26/2018 | 🌐 Order on Motion to Seal |
| 174 | *Filed & Entered:* | 03/26/2018 | 🌐 Reply Brief to Opposition to Motion |
| 175 | *Filed & Entered:* | 03/26/2018 | 🌐 Reply Brief to Opposition to Motion |
| 176 | *Filed & Entered:* | 03/26/2018 | 🌐 Reply Brief to Opposition to Motion |
| 177 | *Filed & Entered:*<br>*Terminated:* | 03/26/2018<br>04/26/2018 | 🌐 Motion to Seal |
| | *Filed & Entered:* | 03/27/2018 | 🌐 Set/Reset Motion and R&R Deadlines/Hearings |
| 178 | *Filed & Entered:* | 04/09/2018 | 🌐 Notice of Change of Address |

| 179 | Filed & Entered: | 04/09/2018 | Notice of Change of Address |
|-----|------------------|------------|------------------------------|
| 180 | Filed & Entered: | 04/10/2018 | Notice (Other) |
| 181 | Filed & Entered: | 04/17/2018 | Notice (Other) |
| 182 | Filed & Entered: | 04/26/2018 | Order on Motion to Seal |
| 183 | Filed & Entered: | 06/06/2018 | Order on Motion to Seal Document |
| 184 | Filed & Entered: | 06/22/2018 | Order |
| 185 | Filed & Entered: | 06/26/2018 | Letter |
| 186 | Filed & Entered: | 07/05/2018 | Order |
| 187 | Filed & Entered: | 07/09/2018 | Letter |
| 188 | Filed & Entered: | 07/24/2018 | Order |
| 189 | Filed & Entered: | 07/30/2018 | Telephone Conference |
| 190 | Filed & Entered: | 08/01/2018 | Order |
| 191 | Filed & Entered: | 08/06/2018 | Letter |
| 192 | Filed & Entered: | 08/08/2018 | Order |
| 193 | Filed & Entered: | 08/17/2018 | Letter |
|     | Filed & Entered: | 08/20/2018 | Terminated Case |
| 194 | Filed & Entered: | 08/20/2018 | Order |
| 195 | Filed & Entered: | 11/09/2018 | Letter |
| 196 | Filed & Entered: | 11/19/2018 | Order |
| 197 | Filed & Entered: | 01/04/2019 | Letter |
| 198 | Filed & Entered: | 01/07/2019 | Order |
| 199 | Filed & Entered: | 01/11/2019 | Letter |
| 200 | Filed & Entered: | 01/14/2019 | Order |
| 201 | Filed & Entered: | 03/01/2019 | Letter |
| 202 | Filed & Entered: | 03/12/2019 | Order |
|     | Filed & Entered: | 03/29/2019 | Settlement Conference |
|     | Filed & Entered: | 03/29/2019 | Settlement Conference |
| 203 | Filed & Entered: | 04/12/2019 | Order on Oral Motion |
|     | Filed: 06/11/2019 Entered: 06/12/2019 | | Telephone Conference |
| 204 | Filed & Entered: | 07/26/2019 | Order on Oral Motion |
| 205 | Filed & Entered: | 09/13/2019 | Order on Oral Motion |